### W. I. LAMB v. THE STATE.

No. 4391. Decided February 17, 1909.

**1.—Aggravated Assault—Continuance.**

Where upon trial for aggravated assault the testimony of the absent witness, as set out in defendant's third application for continuance, not being of sufficient importance and probably not being true, there was no error in overruling the motion.

**2.—Same—Bill of Exceptions—Prior Difficulty.**

Where upon trial for aggravated assault the bill of exceptions did not show why testimony concerning a previous difficulty between the parties was inadmissible, the same could not be considered on appeal, where such testimony might have been admissible for some purposes under the facts of this case.

**3.—Same—Evidence—Previous Difficulty.**

Upon trial for aggravated assault there was no error in admitting testimony that two days before the shooting for which defendant was being tried, he was playing a game of cards in which prosecutor warned him off in a threatening manner; besides this matter was not of sufficient importance to constitute error.

**4.—Same—Charge of Court.**

Where upon trial for assault with intent to murder the court charged full and favorably on all the different phases of the case, and defendant was allotted the minimum fine for aggravated assault, there was no error.

Appeal from the District Court of Ellis.   Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for aggravated assault, the punishment being assessed at a fine of $25.

Appellant filed his third application for a continuance, which, being overruled, he took an exception, The absent witness was Joe Turner.   The diligence is not sufficient, and the testimony, if true, in view of the whole record, would not be of sufficient importance as to require, in our judgment, a reversal; but, in view of the statement of facts, we are of opinion that the testimony of Turner is not probably true.   The appellant, himself testifying, did not verify all the facts he expected to prove by the absent witness, whom, he states, was with him at the time of the occurrence of the matters mentioned in his application.   The absent witness was expected to testify that shortly prior to the shooting at the prosecuting witness by appellant, that the prosecutor and Steve Hooks interfered with their traveling along the public road by the exhibition of a pistol by the prosecuting witness, and that said witness followed them some distance up the road; that appellant secured a gun from Hickman, and returned to the scene of the trouble.   Ervin Hickman (defense witness), came along the road about this time and saw Calvin (the prosecuting witness) in company with Steve Hooks and saw nothing wrong with them; nor did either of them have a pistol, so far as he observed.   When appellant returned to the scene of the trouble, he says the prosecuting witness again exhibited his pistol and placed appellant in

fear of his life, and that he shot, but upon a further detail of his testimony as well as that of practically all the witnesses to the transaction, it is shown that Calvin was running and had run some distance, pursued by appellant until Calvin entered the house of one Dyess, and just as he entered the house, appellant fired with his shotgun. The State's testimony excludes the idea of the previous difficulty, and also that Calvin was armed. Calvin, Hooks and Dyess make this apparent, and all of this evidence shows that Calvin was running at the time appellant fired upon him. So, in view of all these facts, we are of opinion that the court did not err in overruling the third application for a continuance.

Appellant's second bill of exceptions recites that while Mark Smith, representing the State, was cross-examining the witness Stone (defendant's witness) he elicited the following testimony, to wit: "About two days before the time alleged in the indictment for which the defendant was being tried, the witness saw the defendant at a sorghum patch with Dave Calvin and others, and that defendant and others had a shooting scrape at that sorghum patch, and that the sorghum patch, as stated, was the sorghum patch that they were close to on the date as charged in the indictment in which Dave Calvin told witness, defendant and others to turn around and go back." Several objections were urged. The court approved this bill with the statement that the objections urged were that the same "was irrelevant, immaterial and had no connection with the case." These objections were of the most general character and in the nature of a general demurrer to the testimony. There were no special reasons assigned why this testimony was inadmissible. The rule in regard to general exceptions is, that if the admitted testimony was admissible for any purpose, or could have been admissible for any purpose, the objections would not be well taken. There are several reasons, in view of this record, why this testimony may have been admissible. These parties had a prior gambling transaction at the sorghum patch out of which grew the shooting trouble which has brought the whole matter into court. Defendant had been fined a considerable sum for gambling; had been charged with robbery, and the prosecuting witness Calvin was one of the parties antagonistic to appellant in these matters. This testimony may have been, under the circumstances of the case, admissible to show motive, malice and reason for the subsequent shooting at Calvin by appellant. Any way as the matter is presented, the exceptions are of too general character to require a reversal.

Appellant reserved a third bill of exceptions to the following question: "I will ask you if on Friday you was not gambling in Will White's barn and in his cane patch two days before this shooting—two days before that on Friday?" The witness answered: "I do not know how long it was before we had this trouble; it was not very long before I was down there at the Will White barn,

and the cane patch and did gamble." We think this testimony was also admissible. The court explaining the bill states, that several days before, or two days, perhaps, before the shooting, defendant had a shooting scrape with some negroes, growing out of a gambling transaction on White's place, and White had instructed Calvin to tell Lamb and others to stay off the place, and defendant sought to show that Calvin warned him off in a threatening manner. As explained by the court we find no error. It was shown that the gambling transaction occurred a few days before and that White had authorized the prosecuting witness, Calvin, to warn these people away. It would seem from the explanation of the court, and from the record, independent of the explanation of the court, that defendant was relying upon his testimony that Calvin was warning him in rather an urgent manner on the evening of the difficulty, and by exhibiting his pistol. But the short excerpt of the testimony shown in the bill was fragmentary of the whole matter, and is not of sufficient importance, even if erroneous, to require a reversal of the judgment. This whole matter was thrashed out before the jury, and we are of opinion that the court was correct under his explanation in admitting it.

There is some criticism of the court's charge. An inspection of the instructions will disclose the fact that the court gave a very full and fair charge on the law applicable to all the facts; charged upon assault to murder, aggravated assault, simple assault and self-defense: the charges being full and favorable to appellant in all these respects. Appellant was acquitted of assault to murder and allotted the minimum fine for aggravated assault. In fact, we do not fully appreciate how the jury could have done otherwise than convict appellant, under the facts as well as under his own testimony, of at least aggravated assault.

Finding no such error in this record as to authorize a reversal, the judgment is affirmed.

*Affirmed.*