H. M. Farris v. The State.

No. 7695.   Decided May 2, 1923.

Carrying Pistol—Definition of Law.

Where defendant borrowed the pistol from his father-in-law with the avowed purpose of carrying it to and keeping it at his place of business he was not carrying the same in violation of the law, and the judgment must be reversed and the cause remanded.

Appeal from the County Court at Law of Harris.   Tried below before the Honorable Murray B. Jones.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Carothers & Brown* for appellant.   Cited, Dilligham v. State, 32 S. W. Rep. 771;  Campbell v. State, 125 id., 893;  Eubanks v. State, 40 id., 975;  Waterhouse v. State, 124 id., 633;  Rosebud v. State, 220 id., 1093.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court at Law of Harris County of unlawfully carrying on and about his person a pistol, and his punishment fixed at a fine of $100.

Appellant waived a jury and the case was tried before the judge. The State's case showed the arrest of appellant at the depot in the town of humble in Harris County and that he had in his possession at that time a pistol.   He lived in Goose Creek, another town in Harris County, but his father-in-law resided in Humble.   Without contradiction it is in testimony that appellant came to Humble on the occasion in question to see his father-in-law, Mr. Carpenter, on business and that while there he had trouble with a man named Hartley, the incident culminating in a fight between the two men.   When appellant got ready to go back to his home he borrowed a pistol from his father-in-law with the avowed purpose of carrying it to Goose Creek and there keeping it at his place of business.   Both he and his father-in-law testified to these facts.   There is no suggestion of any contradiction of same, or that the testimony of the two men is not true.   Both appeared to be reputable business men of their respective towns.

We might cite numerous decisions of this court in which we have held in substance that under circumstances such as these, a violation of the law is not shown.   One may carry a pistol home from its pur-

chase, or from a place where he has borrowed it, or from some repair shop or from another place where he has been keeping it. The fact that appellant was at the railroad station where he expected to take the train for his home town, lends color to the assertion of himself and his father-in-law that his possession of the pistol was for the legitimate purpose of taking it to his home in Goose Creek. This is not a case of conflicting testimony. We do not feel at liberty to entirely disregard the uncontradicted testimony of citizens of this State against whom nothing appears save the fact that in the possession of one of them was found a pistol under circumstances which, according to the explanatory facts, was perfectly legitimate.

Being of opinion that the evidence does not justify the conviction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*