NICHOLAS GUAJARDO AND ZEFERINO LOPEZ v. THE STATE.

No. 7976.   Decided December 19, 1923.

**1.—Transporting Intoxicating Liquor—Indictment—Name of Defendant.**

That the name of the appellant was in fact "Zeferino Lopez" while in the indictment it is spelled "Seferino Lopez" and the spelling of the name of the defendant could have been corrected, there is no reversible error. Following Wardlow v. State, 18 Texas Crim. App., 357.

**2.—Same—Suspended Sentence—General Reputation.**

Where the effect of the testimony was not to prove the general reputation of the defendants, but to prove that the witness had been informed by officers in another county that the appellants bore a bad reputation in that county, but went further and revealed the damaging fact that the reputation was regarded by the officers in said county as very bad, the same was inadmissible under the rule, and prejudicial to the rights of the defendant.

**3.—Same—Argument of Counsel—Charge of Court.**

Where, upon trial of unlawfully transporting intoxicating liquor, the prosecuting officers said to the jury, that preliminary to the trial the defendants' attorney had offered to plead guilty upon the condition that their clients be given a suspended sentence, and that this had been refused by the State, this was reversible error, although the court instructed the jury not to regard this statement.

**4.—Same—Argument of Counsel.**

Where the State's attorney in his closing argument, called upon the jury to note the large crowd in the courtroom to learn what sentence the defendants were to receive, the same was not within the scope of legitimate argument.

Appeal from the District Court of Kleberg.   Tried below before the Honorable A. W. Cunningham.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Perkins & Floyd,* and *C. H. Reese,* for appellant.   On question of defendant's name, Jones v. State, 8 S. W. Rep., 801; Farmer v. State, 28 id., 197; Milontree v. State, 16 id., 764; Hawkins v. State, 142 id., 917.

On question of general reputation, Childress v. State, 241 S. W. Rep., 1029.

On question of argument of counsel and question of compromise, Mason v. State, 228 S. W. Rep., 952; Parker v. State, 232 id., 492; Cole v. State, 243 id., 1100.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; punishment for Guajardo at confinement in the penitentiary for a period of one year, and for Lopez for a period of two years.

A motion was made to quash the indictment for the reason that the name of the appellant was in fact "Zeferino Lopez" while in the indictment it is spelled, "Sefrino Lopez." The indictment was not bad. The misspelling of the name could have been corrected upon suggestion of the appellant. The statute makes such a provision. See Arts 559 and 560, C. C. P.; also Wardlow v. State, 18 Texas Crim. App., 356, and other cases listed in Vernon's Tex. Crim. Stat., Vol. 2, p. 286. The court correctly proceeded under this statute and permitted an amendment of the indictment. Each of the appellants applied for a suspended sentence in accord with Article 865b of the C. C. P. Proof was introduced to the effect that they were under twenty-five years of age and had not been convicted of a felony. There was testimony that the reputation of the appellants as law-abiding citizens in the community in which they lived was good. Upon this issue the State introduced the witness Burwell, who, on direct examination, testified as follows:

"My name is Charles Burwell. I hold the official position of deputy sheriff in Kleberg County. I have been deputy sheriff since the 1st day of January, 1923. I know these defendants only by what I have heard of them. I have had occasion to investigate their reputation as to being peaceable and law-abiding citizens. I know their reputation as to being peaceable and law-abiding citizens in the community in which they live and are best known. It is bad. This applies to particularly one of these defendants. The one in particular is Zeferino Lopez. Zeferino Lopez has a harder reputation in his community than the other boy. Guardo's reputation is bad, but not as bad as the other one."

### CROSS EXAMINATION:

"I talked to two people about these men. They were in Falfurrias, Brooks County. They were the county attorney and the sheriff. I have their statement and no others; that is all I have. I have never lived in Brooks County."

Objection was urged against the receipt of this testimony, and a special charge was presented seeking its withdrawal. This was refused. As we understand the record, the appellants were residents of Brooks County, and the witness developed no knowledge of the reputation of the appellants in Brooks County or elsewhere, save that he had been told by the sheriff and county attorney of Brooks County that both of the appellants bore a bad reputation in that county.

Another witness gave similar testimony over appellants' objection, but it was incorporated with some evidence which was proper, and the effort to withdraw the whole cannot be sustained.

The opinion is entertained that the court was not warranted in refusing to instruct the jury to disregard this testimony. Its effect was not to prove the reputation but to prove that the witness had been informed by officers in Brooks County that the appellants bore a bad reputation in that county. If the State had contented itself with the mere proof that the witness knew the general reputation of the appellants in the respect mentioned in the community in which they lived and that it was bad, the record might have presented no error, but having gone further and revealed the damaging fact that the reputation was regarded by the officers in Brooks County as very bad, at least as to one of the appellants, the rules of evidence would not sanction its receipt. The only real question presented was whether in view of the youth of the appellants and the mitigating facts to which they testified, the jury would recommend the suspension of the sentence.

Another matter to be mentioned is that during the argument, the prosecuting officer said to the jury that preliminary to the trial, the appellant's attorneys offered to plead guilty upon the condition that they be given a suspended sentence and that this proposal had been refused by the State's attorney. This was putting into the case facts not otherwise developed and clearly not admissible. The court instructed the jury to disregard this statement. It was obviously prejudicial, however, and as one of the appellants received more than the minimum punishment, it cannot be said to have produced no bad result. It may have been appropriated by the jury against both of the appellants on the issue of the suspended sentence.

In his closing argument, the State's counsel called upon the jury to note the large crowd in the courtroom and the class of people of whom it was composed, who were there with no interest in the appellants other than to learn what sentence they would receive. We are not able to appraise the bill on account of its meagre recitals. However, so far as we are able to discern the remark was not within the scope of legitimate argument.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*