## ROY HOLLIDAY V. THE STATE.

No. 10404.   Delivered November 17, 1926.

Rehearing denied December 22, 1926.

**1.—Carrying Pistol—Evidence—Held Sufficient.**

Where appellant was found in possession of a pistol and claimed that he was carrying it home from a place where he had left it, the jury were the judges of whether his defensive statement was true, or not, and having decided against him, this court is without authority to disturb their verdict.

ON REHEARING.

**2.—Same—Evidence—Exhibiting Pistol—No Error.**

Where, on a trial for carrying a pistol, there was no error in permitting the state to a certain witness a pistol and asking him if that was the pistol which he took from appellant on the occasion in question, and then placing the pistol on a table in the court room, where the jury could see it.   Distinguishing Farris v. State, 251 S. W. 224.

Appeal from the County Court of Jefferson County, at Law. Tried below before the Hon. C. N. Ellis, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

*Rose & Johnson* of Port Arthur, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the County Court at Law of Jefferson County for unlawfully carrying a pistol, punishment a fine of $100.

There is no question of the fact that appellant was carrying a pistol. He was found with it in his possession. He told the officers at the time he was carrying it for protection. On the trial of the case he testified that he had left the pistol at the home of a relative in Beaumont while on his way from Port Arthur, his home, to Lake Charles, Louisiana, and that on the occasion of his arrest he had gone from Port Arthur to get the pistol and take it back home. We presume that the law of this issue was submitted to the jury in a manner acceptable to the appellant, as there is no complaint of any error in the charge. The reconciliation of conflicts in testimony is for the

jury who are made by statute the exclusive judges of the credibility of the witnesses and the weight of their testimony. They have solved the question as to whether appellant was in fact carrying the pistol lawfully, against him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing, insisting that the facts herein do not show him guilty of a violation of the law. Responding to appellant's insistence that we did not discuss his bill of exception No. 2, we state that in our opinion the action of the prosecuting attorney in exhibiting to a witness on the stand a certain pistol and asking him if that was the pistol which he took from appellant on the occasion in question, and then placing the pistol on a table in the courtroom where the jury could see it, presents no reversible error. The instant case differs materially on its facts from the case of Farris v. State, 251 S. W. 224, cited by the appellant in his motion. In the case before us appellant gave an explanation of his possession of the pistol to the officers when they arrested him upon the charge of carrying the same, that was apparently inconsistent with the theory advanced by him upon the trial hereof. Upon this trial appellant accounted for his possession of the pistol at the time of his arrest solely upon the proposition that he had left it at his mother-in-law's home in Beaumont some time before, and that he had gone from Port Arthur to Beaumont after it on the afternoon of his arrest, and was conveying it to his home in Port Arthur. When arrested he made no such explanation, but said more than once that he was carrying the pistol because he was afraid of hi-jackers. We further observe that while he claimed on this trial to have gone to his mother-in-law's and obtained the pistol for the purpose of carrying it to his home in Port Arthur on the afternoon of his arrest, he did not produce as witnesses his mother-in-law or any other person who was at the house where he claimed to have gotten it, nor did he account in any way for the failure to produce such testimony.

Believing the case has been properly disposed of, the motion for rehearing will be overruled.

*Overruled.*