### John Evans v. The State.

No. 12516. Delivered April 17, 1929.

The opinion states the case.

*W. W. Kirk,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for unlawfully carrying a pistol; punishment, a fine of $100.00.

The only thing in this case is whether the testimony supports the conviction. There is complaint of the refusal of a special charge, but we find no exception to the main charge, and as said by this court in Brunk v. State, 60 Texas Crim. Rep. 263, in an opinion by Judge Davidson, in a misdemeanor case:

"In the absence of an exception taken at the time, and special instructions requested and refused, we would not feel justified under our practice to reverse a judgment for the supposed error in the charge, even if it be conceded to be error."

The special charge referred to in this case seems to have been requested upon the theory that one phase of the case was not as fully submitted in the main charge as appellant desired. The main charge given seems to fairly present the law applicable to the facts. No exception having been taken to the charge, we feel that the law as contained in the quotation above set out, applies. See also Wilson v. State, 80 Texas Crim. Rep. 266, in which case many authorities are collated supporting said proposition.

We are unable to say that the testimony in this case was not sufficient to support the conclusion of the jury. An officer found appellant, his brother and another man in a car. Appellant seems to have been sitting on the right side of the three men. The pistol was in the right-hand pocket of the car. The officer testified that at the time appellant claimed the pistol as his. While appellant and his brother testified on the trial that the pistol belonged to the other man, the jury were not bound to accept their testimony. They were both interested witnesses.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*