CLARICE BERNICE WILLIAMS v. THE STATE.

No. 13240.  Delivered April 16, 1930.
Reported in 27 S. W. (2d) 217.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

It was undisputed that appellant sold a pint of whiskey to the purchaser named in the indictment and received a dollar and fifty cents therefor.  Appellant's witness, Frank Harvey, testified that appellant sold the whiskey on the occasion in question, but declared that

said whiskey belonged to one Pete Williams, and that it was delivered by appellant to the purchaser at the instance of Williams.

Bill of exception No. 1 relates to the action of the court in overruling appellant's application for a continuance. The application for continuance does not appear in the bill. Hence the bill is insufficient. Pena v. State, 1 S. W. (2d) 1095; Lucera v. State, 1 S. W. (2d) 633; Texas Jurisprudence, vol. 4, page 365.

As disclosed by bill of exception No. 2, the state introduced in evidence the return on the capias under which appellant was arrested showing that she was arrested in Leesville, La. Appellant objected to the testimony on the ground that it was "immaterial and irrelevant and that the defendant was in court and further because the sheriff of Newton County had no right to arrest the defendant in Louisiana." An objection to evidence on the ground that it was immaterial and irrelevant and prejudicial is "too general to be considered, unless obviously the evidence would not be admissible for any purpose." Branch's Annotated Penal Code of Texas, Section 208; McGrath v. State, 35 Tex. Cr. R. 422, 34 S. W. 127; Lamb v. State, 55 Tex. Cr. R. 325, 116 S. W. 588. The return on the capias may have been hearsay, but appellant interposed no objection upon that ground. As against the objections made, we are constrained to hold that the bill of exception fails to manifest reversible error.

It is recited in bill of exception No. 3 that the district attorney, in his argument to the jury, used language as follows:

"You can tell by looking at the defendant that she is over twenty-five years of age, and that she is not entitled to a suspended sentence."

Appellant objected to the foregoing remarks on the ground that she had proven by her mother that she was under twenty-five years of age and that the state offered no proof to refute said testimony. The objection was overruled and the court declined to instruct the jury to disregard the argument. It is merely stated as a ground of objection that there was no testimony in the record controverting the testimony of appellant's mother to the effect that appellant was under the age of twenty-five years. The ground of objection is not a certificate upon the part of the trial court that the facts forming the basis of the objection were true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Buchanan v. State, 298 S. W. 569. The opinion is expressed that the bill of exception is insufficient to manifest error.

Appellant filed her motion to quash the indictment (bill of exception No. 4) on the ground that it was alleged therein that appellant "did then and there unlawfully *sells* to Curtis Humphreys spirituous, vinous and malt liquor capable of producing intoxication." It is averred in the motion that the allegation is indefinite and vague as to the commission of the offense, such allegation being predicated upon the fact that the word "sells" instead of "sell" was used in the indictment. We are unable to see how appellant could have been misled by the inadvertent use of the word "sells" instead of the word "sell." The opinion is expressed that the fault in the indictment does not render it so vague and indefinite as that it fails to charge an offense. See Jackson v. State, Opinion 12,830, delivered December 18, 1929, and not yet reported.

It is further averred in the motion to quash that appellant was unable to tell from the indictment the name of the alleged purchaser. The indictment plainly shows the name of the purchaser to be Curtis Humphreys.

Again, it is alleged in the motion to quash, the appellant's name was Clarice Bernice Williams, whereas she was named in the indictment as B. Ola Williams. This was no ground for quashing the indictment. On suggestion being made to the court as to the correct name of appellant, the indictment was corrected by inserting therein appellant's name. Art. 496, C. C. P., Guajardo v. State, 96 Tex. Cr. R. 230, 257 S. W. 247.

Appellant timely requested the court to charge the jury to acquit her if they believed from the evidence that she acted as the agent of Pete Williams in delivering the whiskey to the purchaser. This charge was properly refused. It was appellant's theory that Pete Williams was the owner of the whiskey. If she acted in the capacity of agent for the seller she was not entitled to an acquittal.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.