## H. D. Hyde v. The State.

No. 16528.    Delivered February 7, 1934.
Reported in 68 S. W. (2d) 200.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The conviction is for unlawfully carrying a pistol; penalty assessed at confinement in the county jail for sixty days.

The indictment was returned in the District Court of the 47th Judicial District, and by proper proceeding transferred to the County Court of said county.

The offense is denounced by article 483, P. C., 1925, and punishable by a fine of not less than $100.00 nor more than $500.00, or by confinement in jail for not less than one month nor more than one year.

The evidence shows that the appellant had a pistol in his hand while upon one of the streets of the city of Amarillo, Texas. He was pointed out to the jury upon the trial by the state's witness as H. W. Hyde. No testimony was offered by the appellant.

The issues of fact were submitted to the jury in the charge of the court. The trial resulted in a verdict of conviction, with the penalty as stated above.

There are several bills of exception. Bill No. 1 complains that counsel for the state used in argument the following language: "They did not put on any proof of any extenuating circumstances, and there is no proof of his right to carry a gun."

The contention that the remark was violative of article 710, C. C. P. forbidding comment on the failure of the accused to testify is not regarded as tenable. Nothing in the record indicates that there was not other witnesses besides the appellant who might have given testimony explanatory of the circumstances under which the pistol was possessed. See Boone v. State, 90 Texas Crim. Rep., 374; Jones v. State, 85 Texas Crim. Rep., 538.

Bill No. 3 reveals the fact that the witness for the state described the appellant as H. W. Hyde, which was his real name. The name appearing in the indictment was H. D. Hyde. The Code of Criminal Procedure contains provision for correction in the name. See articles 493 to 497, C. C. P., 1925. The fact that a mistake in the indictment was made in writing the middle initial "D" instead of "W" did not, under the facts, constitute a variance or raise a question of identity. See Roberts v. State, 99 Texas Crim. Rep., 492; Williams v. State, 115 Texas Crim. Rep., 574; Gayton v. State, 116 Texas Crim. Rep., 215.

Bill No. 4 advances the contention that a case against the appellant was not made by proof that while upon a public street he was shown to have had a pistol in his hand. In this view we think the appellant is mistaken. The proof made was sufficient prima facie to show that the statute, article 483, P. C., was violated. If there existed facts or circumstances which would have excused or justified the appellant in his actions with reference to the pistol, it was not incumbent upon the state to introduce them. If there were exculpatory facts, it was not incumbent upon the state to produce them. The case of Davis v. State, 91 Texas Crim. Rep., 156, in which there was a reversal of the conviction, is in some respects analogous to the present. However, in that case the state's testimony was exculpatory. The officer who arrested the accused testified:

"I saw the whole transaction. The pistol was not loaded, but was in working condition. At the time I took the pistol and arrested the defendant, he told me it was not his pistol and that he was just looking at it."

The case of Guy v. State, 74 Texas Crim. Rep., 620, is one in which there was a reversal although the accused had a pistol in his hand and fired it. However, there was explanatory testi-

mony to the effect that he had not carried the pistol but that it was simply handed to him and fired by him. The firing of a pistol under some circumstances might constitute an offense but not necessarily the offense of carrying a pistol. In the present instance, as to how long the appellant had had the pistol, from whence it came and what use he was making of it, the evidence is entirely silent. On the sufficiency of the evidence, the cases of Evans v. State, 112 Texas Crim. Rep., 322; Holliday v. State, 105 Texas Crim. Rep., 456; Kmiee v. State, 108 Texas Crim. Rep., 604, are upon the facts analogous to those appearing in the present appeal. In the opinion in the Kmiee case, supra, the cases of Wallace v. State, 200 S. W., 836, and Pyka v. State, 80 Texas Crim. Rep., 644, and many others are mentioned as having been examined and analyzed. In considering the present appeal, the cases mentioned in the Kmiee case, supra, have been re-examined. Without further discussion, however, we are constrained to regard the evidence in the present instance as sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*