## WESTERN CASUALTY CO. v. RATLIFF.

### No. 13032.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1934.

Cantey, Hanger & McMahon, W. D. Smith, and F. T. Denny, all of Fort Worth, for appellant.

Simpson & Brewster and Garland Flowers, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Western Casualty Company has appealed from a judgment in favor of Mrs. Ruth Ratliff for compensation under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended).

While working for the Fort Worth Poultry & Egg Company and in the discharge of the duties of her employment, Mrs. Ruth Ratliff struck her left hand against an egg separator in attempting to catch a bucket of eggs. After her claim for compensation was denied by the Industrial Accident Board, she appealed to the district court, where the case was tried.

The jury found that her left hand was injured in striking it against an egg separator while attempting to catch a bucket of eggs; that the injury was received in the course of her employment; that as a result of such injury she has suffered a total loss of the use of her hand; and that such disability is permanent.

The foregoing findings were made in answer to special issues submitted by the court, and the following additional issues were re-

quested by defendant with the answers of the jury thereto:

"1. Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, is limited to the loss of the use of the first finger of her left hand?

"Answer: No.

"2. Do you find from a preponderance of the evidence that plaintiff's disability, if any, is confined to the loss of the use of the bone of the left hand corresponding to the first finger of such hand, together with the loss of the first finger of such left hand?

"Answer: No.

"3. Do you find from a preponderance of the evidence that plaintiff's disability, if any, has terminated?

"Answer: No."

Testimony introduced by the plaintiff, although contradicted by testimony offered by the defendant, was sufficient to support the findings of the jury noted above, and the facts so found had a sufficient basis in plaintiff's pleadings.

Plaintiff further alleged that by reason of the injury to her hand she was totally incapacitated to perform any kind of labor and by reason thereof she was entitled to compensation for 401 weeks at the rate of $7 per week. She further sued for a lump sum settlement on that basis. But the jury did not make any findings of weekly earnings, nor did they find that by reason of her injury she has been totally incapacitated to perform labor. However, they did find that she was entitled to a lump sum settlement.

■ Upon that verdict, the trial court rendered judgment, awarding plaintiff compensation at $7 per week for 150 weeks, which was the compensation definitely fixed by section 12 of article 8306, Rev. Civ. St., as the minimum of compensation for the permanent loss of the use of a hand. In view of that statute, it is unnecessary for us to discuss the merits of assignments addressed to the rulings on testimony relating to the amount of plaintiff's earnings prior to her injury; and therefore any error in those rulings was harmless if, as found by the jury, plaintiff sustained a permanent loss of the use of her left hand.

We have examined all of the special issues and find no merit in appellant's contention that some of them were on the weight of the evidence; and since the court did not award plaintiff a lump sum settlement, the assignments of error relating thereto also are overruled.

■ ■ The defendant introduced testimony tending to show that plaintiff's hand was only partially incapacitated as the result of her injury and complaint is made here of the refusal of the court to submit to the jury the following issue:

"Do you find from a preponderance of the evidence that plaintiff's disability, if any, is confined to the partial loss of the use of her left hand?"

The special issues which the court gave at defendant's request and shown above, presented substantially the same issue of partial disability. Furthermore, the court submitted to the jury the issue of whether or not plaintiff had suffered a partial loss of the use of her left hand as the result of her injury and, if so, what percentage of disability resulted therefrom, when that disability began and how long it had lasted. But the court further instructed the jury that if they had found in answer to preceding questions that plaintiff had suffered a total loss of the use of her left hand and that such disability was permanent, then they need not answer those issues with reference to partial disability. That instruction was not excepted to by the defendant and therefore its right to complain of the refusal of the requested issue above mentioned was waived, at all events. Articles 2185, 2237, subd. 3, Rev. Civ. St.; Carlton v. Adams (Tex. Civ. App.) 54 S.W.(2d) 1073 (writ refused); Texas Employers' Ins. Ass'n v. Ray (Tex. Civ. App.) 68 S.W.(2d) 290 (writ refused).

■ Dr. Tom Bond was introduced as a witness by defendant and testified that he had taken an X-ray picture of plaintiff's left hand and that the same showed no fracture or any such injury as testified to by Drs. Sullivan and Brewster. The testimony of plaintiff on the trial was to the effect that ever since her injury she had been without any means whatsoever.

An assignment of error has been presented to the argument made to the jury by plaintiff's counsel, to the effect that the reason his client had not had Dr. Tom Bond present on the trial of the case was that she was not able to pay him for his time and services in coming to the court and testifying. The bill of exception taken to that argument was approved with the following qualification by the trial judge:

"The above bill of exception is allowed with the following explanation: Mr. F. T. Denny, counsel for defendant, in his argument, stated that he was in doubt as to whether the plaintiff had been hurt until Dr. Tom

Bond appeared and testified in the case; that Dr. Bond had been the plaintiff's doctor and under her employment had made X-ray pictures of her hand which she claimed was injured and that plaintiff had failed to have him present as a witness to testify in her behalf and Denny, turning to Mr. Simpson, asked why it was that they had not had Dr. Bond present as a witness in behalf of plaintiff, and Mr. Simpson, in his reply, stated that Mr. Denny had asked him why they had not had Dr. Bond present to testify as a witness and that he would state to them that the reason was that she did not have the $25.00 to pay him to attend court and testify in her behalf."

We believe it manifest that there is no merit in this assignment.

All assignments of error are overruled and the judgment of the trial court is affirmed.