**Tommy GLASS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39084.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Rehearing Denied May 18, 1966.

Meto Miteff (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John A. Brady and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is murder with malice aforethought; the punishment, fifty (50) years confinement in the Texas Department of Corrections.

Appellant was found guilty of murdering his wife, who, as stipulated by both parties, met her death as a result of a gunshot wound which entered her chest in the vicinity of her heart.

The evidence adduced by the state was circumstantial, and consisted in part of oral statements made by appellant to a police officer during the course of the investigation of the deceased's death.

In response to the officer's question as to what had happened, appellant stated that he and his wife were alone in their house, and that she became angry and fired a shot from a rifle at him, then threatened to take her own life. He stated that he had not believed her and had directed his attention to the television set when he heard a second shot. He turned and found her lying on the couch, and she did not respond when

he called her name. At the scene of the death, appellant pointed out to investigating officers the manner in which the alleged suicide had occurred.

As the investigation progressed, inconsistencies developed between the physical facts and appellant's version of events. The deceased was shot with a rifle, yet experts testified that if the deceased shot herself, powder burns would almost certainly have been found on her body. None were found. In the opinion of an expert criminologist, the rifle had been wiped clean of fingerprints. From measurements taken at the scene, it appeared that the two shots described by appellant could not have been fired from the position he indicated. There was evidence of a scuffle. Two strands of beads were found on the floor of the room; one of them was broken and the other had a damaged clasp. A button from the deceased's blouse was found near the body. The deceased had a fresh bruise on her chest which roughly matched the size and shape of the butt of the rifle. Expert testimony developed that this bruise had to have been inflicted very shortly before her death. The deceased was found with the rifle leaning against her outstretched arm as she lay on the couch, but the evidence tended to show that the rifle had been placed there sometime after death occurred, and that the arm, at the time the deceased was shot, had been held in front of her in a protective position. From blood stains on the body, it appeared that the arm had been positioned after death and after some of the blood had dried.

It was shown that the deceased had stayed with relatives and had not lived at home with her husband for about one week preceding her death, and there was testimony that, about two days before the killing, appellant had threatened "to take care of her" and to "put her out of her misery." There was also testimony that appellant was slightly intoxicated during the time of the investigation.

Appellant did not testify or produce any affirmative evidence which tended to show that he did not commit the offense, and we find the evidence sufficient to sustain the conviction.

Appellant strenuously objected to the admission into evidence of his oral statements, the context of which is set out above. It is his contention that these statements were made while he was under arrest; that they were used by the state for the purpose of securing his conviction; and that they were therefore inadmissible because not elicited in accordance with the provisions of Article 727, Vernon's Ann.C.C.P., the confession statute then in effect.

The evidence shows that the police were summoned shortly after 2:00 a. m. by a Mr. Dan Peters after appellant went to Peters' home and notified that witness of the shooting. After Peters' telephone call, two police officers were dispatched to investigate the reported suicide. Peters immediately took appellant back to the scene of the killing and appellant went into the house for a few minutes. He was next seen by Chief of Police W. M. Sustaire at the police station, where he made the statements of which he now complains. This was at about 3:00 a. m., while the investigation was still in its early stages. The Chief and appellant then went back to the scene, where appellant described what had happened. Chief Sustaire testified that at the time these statements were made, the shooting had been reported to him as a suicide; that the investigation then being conducted was the investigation of a suicide; that, at that time, he had no intention of arresting appellant; that appellant's presence was desired because he was a material witness to the reported suicide, but that he could have left at any time, had he chosen to do so. Later in the morning appellant was seen by a witness in the police station with no officers present. He could have gone out the back door of the police station with no resistance from the police. Still later, he went across the street and had breakfast

with a civilian employee of the city, unaccompanied by any police officer. The autopsy report, tending to show that the wound was not self-inflicted, was received by Chief Sustaire at approximately 11:00 a. m., and it was only then that that officer ordered appellant arrested. After that time appellant had his noon meal at the same restaurant where he had breakfast earlier that day, but this time he was in the custody of an armed officer. The testimony of other officers indicated that they did not arrest appellant and did not believe appellant was under arrest prior to 11:00 on the morning after the killing.

 The able trial judge conducted a hearing out of the presence of the jury to ascertain whether appellant was under arrest when his oral statements were made. Most of the 500-page statement of facts contains testimony directed at a determination of this issue. A careful study of all this testimony leads us to the conclusion that there is ample support for the ruling of the trial judge that appellant's statements were admissible because he was not under arrest at that time and had no cause to believe he was arrested. It appears that the oral statements of appellant were made at a time when the authorities were investigating an alleged suicide.

A taxicab driver testified that he had taken the deceased to the address where the homicide took place, earlier in the evening, after first stopping at a liquor store and purchasing a bottle of liquor for her. When asked on cross-examination why he had bought a pint bottle of whiskey rather than some other size container, the witness was allowed to testify over appellant's objection that, "She told me that is what her husband requested that she bring with her."

Appellant urges that the trial court's action in admitting this testimony into evidence was error because the statement was hearsay and led the jury to believe that appellant was "a person of bad drinking and reputation." We agree that the testimony was hearsay, but fail to see that appellant was prejudiced by its admission into evidence. Elsewhere in the record was evidence that appellant was slightly intoxicated that night; that there was a larger bottle of liquor found at the scene of the killing which was apparently not brought there by the deceased that night; and that appellant was, and had been for sometime, a heavy drinker. All this evidence was either elicited by appellant's counsel or adduced by the state without proper objection by appellant. Under these circumstances, even if the jury did believe that the pint bottle of whiskey was purchased at the direction of, and for the use of, appellant, it is not reasonable to assume that this knowledge would alter their opinion of his character. The error was harmless.

We find no reversible error in appellant's other informal bills of exception, and the judgment is affirmed.