Jessie Hayward JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40566.

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied July 28, 1972.

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an out of time appeal.[1] The conviction was for the offense of burglary; punishment, 12 years.

The evidence shows that Joe Emmett, the owner of Emmett's Grocery Store in Dallas, secured his place of business on June 5, 1966. The following day his father, Paul Emmett, opened the grocery store for business and observed that a door had been pried open and a check protector and some money orders were missing. The missing money orders were numerically identified as "DA 702321194 through 199." On June 6, 1966, the appellant entered a grocery store operated by Mrs. Madelon Scottino, an aunt of Joe Emmett. He presented money order No. DA 702321197 to one of the employees therein for payment. The money order was handed to Mrs. Scottino for approval and she recognized the draft as one having been previously stolen from her nephew's store. She engaged the appellant in conversation for some time and he became suspicious and fled from the store; whereupon, Mrs. Scottino shot him, wounding him sufficiently to halt his flight. The police arrived and arrested the appellant, who denied taking the money orders.

Carol Miller testified that on June 10, 1966, the appellant came to the International Super Stores where she was employed and presented her with one of the stolen money orders. No objection was addressed to this testimony.

Appellant's first ground of error complains of the admission into evidence of an extraneous offense.

■ As heretofore pointed out, there was no objection to the events testified about by Witness Miller. Therefore, no reversible error is shown. e. g. Martinez v. State, Tex.Cr.App., 473 S.W.2d 520; Fausett v. State, Tex.Cr.App., 468 S.W.2d 92.

■ Appellant's second ground of error complains of "admitting into evidence hearsay testimony."

Mrs. Scottino testified that she received information concerning a burglary at her nephew's store. An objection to this hearsay testimony was overruled, and the appellant argues that such ruling constitutes reversible error. We do not agree. It is undisputed that a burglary was committed at the store. In fact, the complaining witness, Joe Emmett, (Mrs. Scottino's nephew) testified concerning the burglary, as did other witnesses. The appellant has failed to show how he was prejudiced or harmed by the court's ruling and we conclude that the admission of such evidence was harmless error. e. g. Linebarger v. State, Tex.Cr.App., 469 S.W.2d 165; Glass v. State, Tex.Cr.App., 402 S.W.2d 173.

■ The third ground of error asserts that "appellant was deprived of a fair trial when the state introduced evidence that appellant refused to be searched at the time of his arrest, thereby violating the appellant's right to remain silent and not have his silence used as evidence against him as guaranteed by the 5th Amendment to the Constitution of the United States."

Appellant testified that Mrs. Scottino shot him down in the store and that she did not have good cause to do so. He ad-

1. See 420 S.W.2d 728.

mitted that "me and the officers had an argument. They were trying to search me and one of them went to put his hands in my pockets and I asked him to open his hands so I could see that there wasn't anything in them. I didn't want him to put anything in my pockets." He also admitted seven prior felony convictions.

The circumstances surrounding an arrest of an accused have long been held admissible. See Article 38.22, Sec. 1(f), Vernon's Ann. C.C.P.; Jones v. State, Tex.Cr.App., 471 S.W.2d 413; Thomas v. State, Tex. Cr.App., 468 S.W.2d 418.

■ Appellant's grounds of error four and five complain of an alleged variance in his middle name. This claim is predicated upon his motion to quash the indictment on the basis that, while he was indicted under the name Jessie Hay*ward* Johnson, his name was actually Jessie Hay*wood* Johnson.

Article 26.08, V.A.C.C.P., provides:

"If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

Under this statute, the misspelling of appellant's middle name does not vitiate the indictment; instead, the statute permits the court upon proper request, to correct the spelling error. The court, therefore, did not err in refusing to quash this indictment. See, e. g., Younger v. State, Tex. Cr.App., 457 S.W.2d 67; Williams v. State, 115 Tex.Cr.R. 574, 27 S.W.2d 217; Guajardo v. State, 96 Tex.Cr.R. 230, 257 S.W. 247. See also, Thomason v. State, 105 Tex.Cr.R. 119, 286 S.W. 1104.

Moreover, the record reflects that appellant used the name Hay*ward* and was convicted in 1961 under the name Jessie Hay*ward* Johnson. (Appellant testified that he was the same Jessie Hay*ward* Johnson so convicted.) No error is shown. Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434.

The judgment is affirmed.

DOUGLAS, J., not participating.