David E. GAULDIN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–097–CR.

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Rehearing Denied May 19, 1982.

Paul Sorenson, Norman J. Hoppenstein, Waco, for appellant.

Tim Curry, Dist. Atty. and J. M. McEntire, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of robbery. The jury found appellant guilty of robbery and also found he had twice been previously convicted of felonies, as alleged in the indictment, and assessed punishment at life imprisonment in the Texas Department of Corrections.

We affirm.

On Monday night, June 11, 1979, a convenience store in Fort Worth was robbed. The clerk of the store, Sarah Banks, was standing at the register when a man came into the store to buy a pack of cigarettes. When Banks handed the man his change, he grabbed her hand and told her to leave the register open. Banks, instead, locked the register, whereupon the man began hitting her with his fists. Banks fell to the floor behind the register and the man came around the counter and continued to strike her. Finally, Banks opened the register and the assailant took all the money—approximately $80.00 to $100.00.

At this juncture, a customer, Bill Neal, drove up to the store. Alarmed, the robber released Banks and ran out of the store, crossed the street and got into a red pickup truck. Neal observed those events and reported the same to the police from a tele-

phone at the convenience store. Neal gave the police a description of the assailant, the pickup, and the license number of the truck. Shortly thereafter, police spotted the pickup in the parking lot of a nearby night club. The officers went inside the club and observed a man, sitting alone at the bar, who matched the description given by Neal. The officers approached the man and asked him for identification. The man replied that he had none. They next asked him what vehicle he had driven to the club and he responded by saying he had come in a brown Ford LTD. The officers requested that he come outside so they could talk to him. Once outside the officers renewed their inquiry concerning the vehicle he had driven to the club. The man then admitted to having driven the red Ford pickup to the club. The officers placed the suspect under arrest and searched the vehicle. The search yielded money found in the glove compartment and on the seat of the pickup.

A lineup was conducted the next day at the police station. Appellant was one of the four men in the lineup and was readily identified as the assailant by Banks and Neal.

■ Initially, appellant contends that the warrantless search of his pickup, conducted at the time and place of his arrest, violated his Fourth and Fourteenth Amendment rights and was therefore illegal. We disagree. The arresting officers had ample justification to search appellant's vehicle without the procurement of a search warrant. Appellant was arrested in a public parking lot. The unlocked pickup, which appellant identified as his, and which matched the description (including the license number) given by the eyewitnesses to the offense, was also located in the parking lot. Appellant matched the description given by the eyewitnesses and he produced no identification when requested by the officers. There can be no question that probable cause existed for appellant's arrest. Likewise, probable cause existed for the search of appellant's vehicle, incident to that arrest, based on the description of the getaway truck provided by the eyewitness. *Chambers v.*

*Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Even without an independent determination of probable cause to search the interior of the vehicle, the search is justified as a contemporaneous incident of the lawful arrest of the vehicle's recent occupant. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). " 'A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.' " *Id.* at 461, 101 S.Ct. at 2864; *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973).

The search can also be justified as an inventory search of appellant's vehicle. Appellant was placed under arrest. He had no identification. There was no one to take possession of his vehicle. Such facts are sufficient to justify the inventory search of his vehicle. *Daniels v. State,* 600 S.W.2d 813 (Tex.Crim.App.1980). It is of no consequence that the inventory search was conducted at the scene, rather than at the city pound. *Daniels v. State, supra; Evers v. State,* 576 S.W.2d 46 (Tex.Crim.App.1978). The evidence obtained as a result of the valid search was properly admitted. *Daniels v. State, supra; Evers v. State, supra.* Appellant's first ground of error is overruled.

■ Next, appellant argues that the testimony of one of the investigating officers, that appellant identified the red pickup as the one he had driven to the night club, should not have been admitted into evidence. Appellant argues that the officer's testimony was hearsay and therefore inadmissible. This contention is without merit. The appellant's declaration identifying the truck was made voluntarily before he was placed under arrest. It is therefore receivable against him as an admission. Ray, Texas Practice-Law of Evidence, § 1162, page 316 (1980) West Publishing Co.; *Glass v. State,* 402 S.W.2d 173 (Tex. Crim.App.1966). Moreover, "an admission by an accused to a third party is not hear-

say and is clearly admissible." *Russell v. State*, 598 S.W.2d 238, 254 (Tex.Crim.App. 1980). Appellant's second ground of error is overruled.

■ By a related ground of error, appellant contends that his oral statements identifying his vehicle in response to the investigating officers' inquiry were received in violation of V.A.C.C.P. art. 38.22. Appellant contends that he was under custodial interrogation at the time he identified his vehicle, and that his inculpatory statements were made in the absence of a mandatory "*Miranda* warning". We disagree. The arresting officer testified at trial that although appellant was not free to leave the scene, at the time of the questioning, he was not then under arrest and nothing had been communicated to him indicating that he was not free to leave. There is no showing that appellant perceived his liberty restrained at the time the statements were made. We find no custodial interrogation as envisioned by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Additionally, the inquiry made of appellant resulted in a statement containing an assertion of fact, found to be true, which was conducive to the finding of appellant's guilt. As such, the statement was admissible pursuant to V.A.C.C.P. art. 38.22, § 3(c) (Vernon's Supp.1982). Ground of error three is overruled.

Next, appellant complains that a lineup, in which he was identified by the eyewitnesses to the offense, was conducted in violation of his Sixth Amendment rights because he did not have the benefit of counsel and had not waived such right. Appellant also argues that the lineup was so impermissibly suggestive as to taint any in-court identification based thereon. We reject both propositions.

■ With regard to appellant's right to counsel contention, it is important to note that the lineup was conducted before any charges were filed against appellant. "The presence of counsel at a pre-trial identification procedure is not required until 'at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.' *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Banks v. State*, 530 S.W.2d 940 (Tex.Crim.App.1976)." *Guzman v. State*, 567 S.W.2d 188, 191 (Tex.Crim. App.1978). Appellant was not entitled to counsel at the time the lineup was conducted.

■ We now turn to appellant's assertion that the lineup was so impermissibly suggestive as to deny him due process. To sustain this argument we are required to find not only that the lineup was impermissibly suggestive, but also that it caused a substantial likelihood of misidentification. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Appellant has failed to show that the lineup in question was impermissibly suggestive. Nevertheless, had he satisfied that burden, he could not have shown a substantial likelihood of misidentification. The eyewitnesses' opportunity to observe appellant, their accurate description of him, and their certainty as to his identify satisfy the criteria for a reliable identification. *Neil v. Biggers, supra.* Appellant's fourth ground of error is overruled.

The fifth and sixth grounds of error stress that the trial court's charge to the jury, at the guilt or innocence stage of trial, was so erroneous as to constitute reversible error. First, appellant argues that the trial court failed fully to instruct the jury on the law of theft applicable to the robbery offense. Secondly, he complains that the law of theft was not applied to the facts of this case in the charging paragraph of the court's charge. The indictment alleges that appellant committed the offense of robbery while "in the course of committing theft" of property. The phrase "in the course of committing theft" is defined in the general definitions of the court's charge. The paragraph of the court's charge, that applies the law to the facts of this case, contains as an

element of the offense charged, that it occurred "in the course of committing theft."

In a robbery prosecution it must be proven and pled that the offense was committed "in the course of committing theft." *Evans v. State,* 606 S.W.2d 880 (Tex.Crim.App.1980). However, the elements of theft need not be alleged in the indictment. *Id.* Therefore, the charge to the jury, which includes as an element of the robbery offense, that it occurred "in the course of committing theft", is sufficient. The trial court was not required to instruct the jury on the component elements of theft. *Evans v. State, supra.* Nor was it required to charge more than "in the course of committing theft" in the paragraph applying the law to the facts of the case. However, had the court chosen to list the component elements of that phrase in the charging paragraph, then all of the elements would be necessary in the paragraph. "[W]hen in applying the law to the facts, a trial court charges a jury on the component parts of an element of the offense rather than the element itself, the charge must require the jury to find all of the parts of that element in order to convict." *Evans v. State, supra* at 883. In the instant case, both the indictment and the charging paragraph merely allege an element of the offense of robbery, i.e. that it occurred "in the course of committing theft." Nothing further is required. Grounds of error five and six are overruled.

By his seventh ground of error, appellant complains of the trial court's comment following the State's tender of an expert witness. The State tendered a fingerprint expert as an expert witness in order to prove that appellant was the same person identified in the "pen packets" showing his prior convictions. The trial court stated: "Okay. I'll accept him as an expert witness." Appellant's counsel replied: "Note our objection." Appellant now complains that the court's comment was bolstering the State's witness and is impermissible comment on the weight of the evidence. Appellant's general objection was insufficient to preserve error. *Quinones v.*

*State,* 592 S.W.2d 933 (Tex.Crim.App.1980); *Cowan v. State,* 562 S.W.2d 236 (Tex.Crim.App.1978). Appellant's seventh ground of error is overruled.

Finally, appellant complains of a comment made by the trial court in response to appellant's objection. Following a noon recess during the trial, appellant's counsel developed in recross examination of a State's witness that the witness had discussed the case and had driven to the scene of the offense with the two prosecutors and an investigator. Defense counsel strenuously objected to such a procedure, to which the trial court replied: "I don't think you should take the position that anything is wrong with it, because there isn't. So your objection is overruled." We find that the trial court's comment was merely an accurate statement of the law and did not prejudice appellant's rights, so that error, if any, is harmless. *Barber v. State,* 511 S.W.2d 937 (Tex.Crim.App.1974). Appellant's eighth ground of error is overruled.

The judgment of the trial court is affirmed.