Robert JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 922–83.

Court of Criminal Appeals of Texas, En Banc.

Oct. 10, 1984.

Carl E. Mallory, Arlington (court appointed on appeal only), for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Brent A. Carr, Michael Jergins and George Kredell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

PER CURIAM.

Dismissed as improvidently granted.

OPINION DISSENTING TO DISMISSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

When a majority of this Court does something that is totally inconsistent with a prior decision or decisions of this Court, our presiding judge exclaims "Color Me Amazed". See for example *Aldrighetti v. State,* 507 S.W.2d 770, 775 (Tex.Cr.App. 1974); and *Antunez v. State,* 647 S.W.2d 649, 651 (Tex.Cr.App.1983). In light of what this Court did in *Gauldin v. State,* 683 S.W.2d 411 (Tex.Cr.App.1983), and what it does in this cause, I must echo the above statement.

In *Gauldin v. State,* supra, this Court handed down a unanimous opinion which sustained the contention of the defendant in that cause that a similar vehicular search as occurred in this cause was unlawful. Today, however, this Court does a 180 degree turnaround by implicitly approving the unpublished opinion that the Fort

Worth Court of Appeals handed down in this cause, which I find, as to the law, is an almost xerox copy of the opinion that court handed down in *Gauldin v. State*, 632 S.W.2d 652 (Tex.App.—Ft.Worth 1982), which opinion, with one judge concurring in the result, was unanimously disapproved by this Court.

In upholding the warrantless search of appellant's leased taxi-cab that occurred in this cause, the Fort Worth Court of Appeals, in an unpublished opinion, see *Jenkins v. State*, (Cause No. 2–81–308–CR, September 1, 1983), held " '[ (1) ] that there were exigent circumstances which precluded the necessity of a search warrant [to search appellant's leased taxi-cab], *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970),' and '[ (2) ] that [t]he search [of the taxi-cab] was lawful because it was made as an incident to a lawful arrest. *See New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).' " (Pages 1 and 2 of its slip opinion). The principles of law announced in those cases are, however, inapplicable to the facts of this cause.

The facts in this cause reflect that as a result of a reported rape and robbery by a passenger of a taxi-cab, a police investigation ensued that resulted in the police learning that "the [physical] description [of the robber and rapist] fit Leon Jenkins [appellant], and that the license plate number [of the taxi-cab] was registered to a taxi-cab [belonging to Yellow Cab Company of Fort Worth]." Further investigation revealed that appellant had leased the taxicab bearing the reported license plate number from the Yellow Cab Company of Fort Worth for 24 hours and had been operating "Unit 38" at the time in question. Appellant was subsequently positively identified by the complainant as her robber and rapist.

Based upon the above information, a Lieutenant Place of the White Settlement Police Department went to a magistrate of Tarrant County and obtained a warrant for appellant's arrest. Place, armed with the arrest warrant, the validity of which was not challenged on appeal by appellant, thereafter went to appellant's central place of business, a Yellow Cab Company location in Fort Worth, where he went inside of a building and arrested appellant, who at that time was merely standing at a counter inside of the building. As previously observed, the record reflects that appellant had a 24-hour lease on the cab. The record also reflects that when appellant was arrested, his taxi cab was located next to a gasoline pump which was on the outside of the building, approximately 20 to 30 feet from the front door of the building, and on the inside of the company's premises where vehicles were parked and kept.

Because the State has succinctly, but correctly, stated what happened after appellant was arrested by Place, I quote from its appellate brief: "While patting the Appellant down, Lt. Place, who was already aware that *a* pistol had been used to effectuate the offense, inquired [of appellant] as to whether [he, the appellant,] had *a* weapon. Appellant replied that there was *a* pistol *on* the front seat of the taxi-cab which he had been driving that day. *After the pat-down*, the Appellant was placed in handcuffs and warned of his rights. Lt. Place then proceeded to where the cab was located, at a gas pump 20 to 30 feet from the door of the building in which Appellant was arrested. He, [Place], removed a briefcase from the front seat of the taxi, opened it and found a .22 caliber pistol. Lt. Place subsequently took possession of the weapon and the Appellant's other articles in the cab, all which were taken to the police property room." (The above emphasized portions of the quoted material is my emphasis and not the State's.)

The trial court overruled appellant's motion to suppress the evidence that had been seized without a search warrant from appellant's leased taxi-cab.

I first find that the court of appeals' reliance upon *Chambers v. Maroney*, supra, as authority that there were exigent circumstances present in this cause to dispense with the warrant requirement, is misplaced.

As applied to searches of automobiles, whose drivers have been lawfully stopped, for fourth amendment purposes, the "exigent circumstances" doctrine was first recognized by the Supreme Court of the United States in its decision of *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). *Carroll*, however, essentially held that when the police *have lawfully arrested the driver of a motor vehicle* and have probable cause to believe that inside of the lawfully stopped vehicle there is contraband, fruits of a crime, or instrumentalities that might have been used in the commission of a crime, then the police may conduct a search of the vehicle without a warrant. This exception to the warrant requirement was recognized because of the mobility of the vehicle, i.e., to require the police to go and obtain a warrant to search the motor vehicle might cause the police to lose forever the opportunity to search the vehicle.

Thus, the search of the interior of an automobile whose driver has been lawfully stopped, when there is probable cause to believe that there are fruits or instrumentalities of a crime therein, is not barred by constitutional protections against unreasonable searches and seizures. *Chambers v. Maroney*, supra.

The Supreme Court has now held, see *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), that for fourth amendment purposes, if the police lawfully stop the driver of a motor vehicle and they then have probable cause to believe that contraband, weapons, or evidence of a crime is contained in closed containers located therein, they may search all of the containers located therein, provided the containers are large enough to be a depository for the item or items for which there was initially probable cause to search.

In this instance, however, appellant was not lawfully arrested when driving his leased taxi-cab; instead, he was arrested pursuant to an arrest warrant when he was merely standing next to a counter inside of a company building.

Thus, neither *Chambers v. Maroney*, supra, nor *United States v. Ross*, supra, are applicable to this cause.

I also find that the court of appeals' reliance upon *New York v. Belton*, supra, is misplaced. In *Belton*, the Supreme Court considered only "the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants." Thus, *Belton* did not hold that an arresting officer has one free pass to search the automobile of the arrestee, regardless of the proximity of that automobile to the arrestee's person, which is what I find the court of appeals to be holding.

The court of appeals also held that the warrantless seizure and search of the briefcase were justified as being incidental to a lawful arrest. In *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court held, for fourth amendment purposes, that when the police have lawfully arrested a person, they then have the right to conduct a search of the immediate area around him in order to prevent the arrestee from reaching for weapons or destructible evidence. Also see *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *New York v. Belton*, supra; *United States v. Jones*, 475 F.2d 723 (5th Cir.1973). However, in this instance, Place's own testimony shows that the warrantless seizure and search of the brief case occurred inside of appellant's leased taxi-cab, which was then located approximately 20 to 30 feet from the front door of the building, inside of which appellant had been arrested by Place. Thus, Place had no lawful right to seize and search the briefcase as an incident to appellant's arrest.

I also find that the court of appeals implicitly found that the seizure and search of the closed briefcase was necessary because it was done so for the safety of the general public. However, the question Place asked appellant, about the whereabouts of *a* gun, was clearly investigatory and did not in any way relate to an objec-

tively reasonable need to protect the general public from any immediate danger associated with the weapon. In short, there was no exigency requiring immediate action by Place to act without a warrant beyond the normal need to solve a serious crime.

I also find that appellant's response to Place's questioning does not become admissible evidence pursuant to Art. 38.22, Section 3(c), V.A.C.C.P., for the simple reason that appellant did not make an admission that *the* weapon that was found inside of the closed briefcase situated on the front seat of the taxi-cab was *the* weapon with which he committed the offenses. The record is clear that appellant never made any such admission to Place.

I also find that the decision of the court of appeals holds exactly just what this Court rejected in *Stoddard v. State*, 475 S.W.2d 744 (Tex.Cr.App.1972), which was the following: "The arrest [of the defendant] was in no way connected with the automobile. To say that the police officers could have taken possession of the car and made a search, merely because the owner of the car had been arrested in his office for possession of dangerous drugs is to say that the arrest of a person, at any place, justifies the search of his home, or his car, regardless of where or why he was arrested." Also see *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Therefore, for all of the above reasons, I must respectfully dissent.