HARRY GOLDMAN v. THE STATE.

No. 18068.   Delivered April 8, 1936.
Rehearing Granted June 3, 1936.

The opinion states the case.

*Robert K. Crain,* of Longview, and *John D. Cofer,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of a conspiracy to commit bribery, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first complaint is that the trial court erred in declining to sustain his motion to quash the indictment which, omitting the formal parts thereof, reads as follows: "That on or about the 12th day of September, 1934, and anterior to the presentment of this indictment, there was pending and undisposed of on the docket of the 124th District Court of Gregg County, Texas, certain criminal cases, styled the State of Texas v. W. H. Anderson, defendant, and numbered 1386-B, on the docket of said court, wherein the said W. H. Anderson was charged by indictment with a felony, to-wit, theft of property over the value of fifty ($50.00) dollars; also, there was pending and undisposed of on the docket of the 124th District Court of Gregg County, Texas, a criminal case styled the State of Texas v. W. H. Anderson, et al, defendants, one of said defendants in said case being Frank A. Smith, said case being numbered 1349-B, on the docket of said Court, wherein the said Frank A. Smith, W. H. Anderson, W. D. Rutledge, A. B. Custer, and H. A. Fleishman were charged by indictment with a felony, to-wit, theft of property over the value of fifty dollars; also, there was pending and undisposed of on the docket of the 124th District Court of Gregg County, Texas, a certain criminal case styled the State of Texas v. Harry Goldman, defendant, and numbered 1347-B, on the docket of said court, wherein the said Harry Goldman was charged by indictment with a felony, to-wit, theft of property over the value of fifty ($50.00) dollars; and in said criminal cases aforesaid R. J. Rutledge was then and there a witness for the State of Texas, and had not been served with a subpoena to appear as a witness in said cases upon the trial thereof, all of which facts were well known to the defendants hereinafter named, and each of them, at the time hereinafter named . . . that on or about the 12th day of September, 1934, and anterior to the presentment of this indictment in Gregg County, Texas, W. H. Anderson, Frank A. Smith, and Harry Goldman, did then and there unlawfully combine, confederate and enter into a positive agreement, to-

gether and between themselves, to bribe the said R. J. Rutledge, witness in said criminal cases, to avoid service of a subpoena upon him as a witness in said cases and to leave and absent himself from said Gregg County, Texas, in order to avoid the service of such a subpoena on him, the said R. J. Rutledge, by paying to the said R. J. Rutledge the expenses necessary and incident in avoiding the service of such subpoena and in leaving and absenting himself from Gregg County, Texas;" etc.

Appellant assails the validity of said indictment on three grounds. First, that the indictment is insufficient to charge a conspiracy to bribe a witness to avoid the service of process in that it merely charges that the witness was to leave the county in which the prosecution was pending, and did not state where he was to go or how he was to avoid the service of process. To have required the State to allege that he, the bribed witness, should go to a particular place or what means he should employ to avoid process would have required the State to plead its evidence. When the conspirators agreed among themselves to bribe the witness to avoid service of a subpoena and offered him a bribe, which he accepted, then the offense was complete whether he succeeded in avoiding service of process or not. Whether the object of the conspiracy is a success is not an element of the offense. Appellant's second contention is that the indictment is duplicitous in that it charges three separate and distinct offenses in one count. We are not inclined to agree with him. The fact that each one of the conspirators had a case pending against him in said court in which the said Rutledge was a witness and that he was bribed to avoid process in each of the cases did not necessarily constitute three separate and distinct offenses. When the three defendants entered into an agreement to bribe the witness to avoid the service of process, it was by one agreement among the conspirators, one offer to the bribed witness, and one acceptance by the witness, and constituted but one act. Hence it constitutes but one offense, and, therefore, the indictment is not duplicitous.

The appellant next challenged the validity of the indictment on the ground that it was returned by an illegal grand jury, in this, that the grand jury adjourned for more than three days without the permission of the court and thereafter assembled upon a call either issued by the district attorney or a special prosecutor in this case. The court heard evidence upon the allegations in said motion to quash. The secretary of the

grand jury testified that they at no time recessed for a period longer than three days without the permission of the judge. In addition thereto the State offered in evidence an order nunc pro tunc made by the trial judge showing he gave the grand jury permission from time to time to recess for a period longer than three days. This raised an issue of fact which was determined by the court adversely to the appellant's contention; and this court would not, under the circumstances disclosed by the record, be authorized to hold that the trial court abused its discretion in overruling the motion to quash the indictment. The facts and circumstances proven by the State, if believed by the jury to be true, justified and supported the judgment of conviction. See Leech v. State, 139 S. W., 1147.

By bill of exception number one appellant complains of the following argument by one of the prosecuting attorneys, to-wit: "And Mr. Goldman, that car the man testified about you, about here, was yours, the testimony shows it was yours. What were you loaning him your car for?"—to which appellant objected on the ground that it was a direct reference to appellant's failure to testify. The bill of exception fails to show that no one was present when the car was loaned to Sol Goldman and R. J. Rutledge and the companions of Rutledge, and the bill fails to show that Sol Goldman and Eddie Hayes could not have testified as to the purpose of appellant in loaning his car to them to carry Rutledge to Louisiana, Mississippi, and Florida. If the purpose of the appellant was other than to get Rutledge out of the state to avoid service of process upon said witness, Sol Goldman and Eddie Hayes, who were carrying the witness in appellant's car from place to place and from state to state, could no doubt have testified to his purpose in lending his car to be thus used. We do not believe that it can be held to be a reference to the appellant's failure to testify. See Hyde v. State, 68 S. W. (2d) 200. The facts and circumstances in evidence were such as to answer the question of the prosecutor without calling for a word from the appellant.

By bill of exception number three appellant complains of the court's definition of the term "bribe." The court, in defining said term in his charge, followed the language of the statute. See Art. 177, P. C.; Lee v. State, 47 Texas Crim. Rep., 620.

By bill of exception number five appellant complains of paragraph five of the court's charge on the ground that it failed to charge that appellant had knowledge that the witness R. J. Rutledge had not been served with a subpoena or that

he was a witness for the State. An examination of said paragraph of the charge discloses, among other things, the following:

"That the defendant Harry Goldman, . . . did then and there unlawfully conspire, combine, confederate, and enter into a positive agreement with W. H. Anderson and Frank A. Smith to commit a felony, to-wit, to unlawfully bribe one R. J. Rutledge, who was then and there a material witness in three causes pending by indictments in the 124th District Court of Gregg County, Texas, (setting forth the style and number of each case) and who had not been served with a subpoena to appear as a witness in said cases on the trial thereof, to avoid the service of a subpoena upon him as a witness in said cases and to leave and absent himself from Gregg County, Texas, in order to avoid the service upon him of any such subpoenas by then and there paying to the said R. J. Rutledge the expenses necessary and incident in avoiding the service of a subpoena in said cases and in absenting himself from Gregg County, Texas, the said Harry Goldman at such time knowing that such cases were pending on the docket of such court, that the said R. J. Rutledge was then and there a witness for the State of Texas and had not been served with a subpoena to appear as a witness in said cases upon the trial thereof," etc.

This charge clearly shows that the court did instruct the jury that the said Harry Goldman must have known that such cases were pending on the docket of such court, that said R. J. Rutledge was then and there a witness for the State and had not been served with process to appear as a witness in said cases upon the trial thereof. No other construction could well be placed upon the language embraced in said charge.

By bill of exception number five appellant complains of the court's charge in that the court failed to charge the converse of paragraph five. An inspection of the said paragraph of the court's charge shows that the court applied the law to the facts of the case and then instructed the jury that if they did not so find, or if they had a reasonable doubt thereof, to acquit him. Appellant did not by any evidence raise any affirmative defensive issue. He merely relied on the State's failure to prove its case beyond a reasonable doubt. The paragraph complained of was an application of the law to the facts as developed upon the trial and the jury was clearly instructed that if they did not so find the facts to be, or if they had a reasonable doubt thereof, to acquit him. This, it occurs to us, was all that the court was required to charge.

Bills of exceptions numbers six and seven relate to the court's charge in instructing the jury that R. J. Rutledge, Alfred A. Wilks, Woodrow Rutledge, and T. A. Sharps, were accomplices as a matter of law. The appellant objected because the court did not also instruct the jury that Joe P. Miller, Woodrow Parker, Dudley Rutledge, Sr., and Pauline Anderson were accomplices as a matter of law, but submitted the issue to the jury. We do not think that the testimony in this case shows that the persons last above named were accomplices as a matter of law, and, therefore, the court did not err in submitting said issue to the jury.

The appellant by various bills of exception objected to the introduction of various telegraph messages which were sent by the witness and T. A. Sharps, the appellant's agent, to W. H. Anderson and to appellant requesting money necessary to continue their absence from Texas. The objections to introduction of said messages were that the same were not the best evidence, that they were merely copies of the original, that they were not properly identified, that it was not shown that they were transmitted by the telegraph company and delivered, that they were hearsay, etc. Rutledge and Sharps both testified that the various telegrams were sent from the various places, in substance, in the language contained in said messages; and also testified to the replies and results obtained by reason of sending said messages. The testimony further shows that, at Oklahoma City, Rutledge and Sharps both sent messages to F. A. Smith and appellant asking them to forward money; that in response to said messages appellant came from Gladewater to Oklahoma City by airplane to see them and instructed them not to send any more telegraphic messages to him at Gladewater saying: "Don't you know they are checking the Western Union; as soon as this message got there Texas Slim (a ranger) started right of way to get you boys. Get out of this town and get away from here"; and at that time he gave them more expense money. The testimony further shows that the contents were, in substance, in the language in which they were sent, and also those that were received by the witness in reply thereto. This testimony was not objected to. Hence the rule that where testimony, erroneous or otherwise, is admitted without objection, other testimony to the same effect admitted over objection, is harmless. See Graham v. State, 69 S. W. (2d) 73; Countee v. State, 44 S. W. (2d) 994; Montgomery v. State, 31 S. W. (2d) 440. Therefore the matter of the contents of the messages was not before the court, but

merely the introduction of the telegrams themselves. However, under the situation as herein presented the appellant could not have been harmed by the introduction of the telegrams because the testimony of Rutledge, as well as that of the other witnesses as to the contents thereof, was already before the jury. It occurs to us that the messages themselves were admissible, not that the statements therein were true or untrue, but under the rule as to whether they were or were not sent or received by the witness as well as the appellant and his co-conspirators. What we have said here with reference to the telegrams applied with equal force to the applications for telephone service between given points. The conversations over the telephone were given by the witnesses. The introduction of the applications for telephone service between said points, if error at all, was harmless error.

By bill of exception number thirty-two appellant complains of the action of the trial court in permitting the witness J. C. Hunter, after having been placed under the rule, to be excused from the rule and permitted to sit in the court room and confer with the attorneys for the State and to testify in behalf of the State. The bill of exception discloses that before the court excused the witness from the rule it was made known to the court that the State's attorneys were not as familiar with the facts and details of this case as the witness; that he could be of service to the counsel for the State in advising and conferring with them during the progress of the trial; and that in the interest of justice it was necessary for him to do so. The court heard evidence as to these matters and at the conclusion excused the witness from the rule. Under our statutes matters of this kind are within the sound discretion of the trial court and this court would not be authorized to disturb his ruling unless the record disclosed that he abused his discretion and acted arbitrarily. From the record before us we cannot say that the court acted arbitrarily or abused his discretion in excusing the witness from the rule and permitting him to testify in behalf of the State. In support of what we have said, we refer to the case of Ward v. State, 70 Texas Crim. Rep., 393; Redmond v. State, 78 Texas Crim. Rep., 201. All other matters complained of have been considered and deemed without merit.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant requests us to again consider his bill of exception number one complaining of the argument of one of State's counsel, and insists that the construction placed upon said bill in our original opinion is not in consonance with the record, when considered in its entirety. After a further consideration of the question we have reached the conclusion that appellant's position is correct. It must be borne in mind that the evidence shows that R. J. (Whitey) Rutledge had been to various places in the State and out of it in response to efforts of appellant and others to keep the witness from being placed under process to testify in certain criminal cases. The witness had returned to Longview, Texas, and from that point left for Louisiana in company with other parties in a car belonging to appellant. Bill of exception number one reads as follows:

"Be it further remembered that in the closing argument for the State, Mr. John Storey, a private prosecutor employed by Mr. J. C. Hunter, made the following argument to the jury: 'They came to Gregg County and went down here to Longview, right here in this town, to his sister's house to take a little nap and lo and behold he hadn't been there long enough to get his nap out until here comes Bill Anderson and he said I want you to get out of this country, we've got to get these cases thrown out. All right, he takes him again; he says I've got to go down and get the boys together and get some money together, stay together so you can leave here. What happened? He went down there. What did Wilks say? He said when I took him to Bill Anderson's house that night he asked him to go down to Bill Anderson's to be down there; that Harry Goldman and Sol were getting Harry's car ready to go.' At this point Mr. Storey turned and faced the defendant who was seated only a few feet from the prosecutor and extending his arm in the direction of the defendant and pointing his finger directly at the defendant, Mr. Storey made the following remarks: 'And Mr. Goldman, that car the man testified about you, about here, was yours, the testimony shows it was yours. What were you loaning him your car for?' Be it further re-

membered that the defendant remained silent and did not answer the question. At which time counsel for the defendant objected to such argument in writing for the reason that by the prosecutor turning around and asking the defendant questions was a comment on the defendant's failure to testify and was an attempt to make the defendant testify in the case."

The record shows that R. J. (Whitey) Rutledge, Woodrow Rutledge and A. A. Wilks had testified to facts which, if true, left no other conclusion than that appellant was furnishing the car in which Whitey Rutledge was again leaving the State for the purpose of avoiding service of process in the criminal cases mentioned. It is true that he was accompanied by Sol Goldman (a brother of appellant) and Hayes, neither of whom were called as witnesses either by the State or appellant. The case of Hyde v. State, 68 S. W. (2d) 200, cited in our original opinion as supporting the conclusion then reached, contained the following argument:

"They did not put on any proof of any extenuating circumstances, and there is no proof of his right to carry a gun."

We think the opinion that the argument there complained of did not refer to the failure of appellant to testify, but to the failure to produce testimony, was correct.

A case pointed out by appellant as being more nearly in point as it relates to the argument here complained of is McClure v. State, 95 Texas Crim. Rep., 53, 251 S. W., 1099. In that case State's counsel seems to have pursued the tactics used in the present instance and addressed his argument not to the jury, but to the defendant. He referred to him in the second person, and asked where he went and what he did on a certain occasion, and if he talked to anybody or saw anybody, and so forth. Such questions directed to defendant on trial was held to be a comment on the failure of defendant to testify and in direct violation of Art. 710, C. C. P. It is true that in the present case Hayes and Sol Goldman might have testified to facts from which the jury might have drawn a conclusion as to the reason appellant was furnishing the car for the removal of the witness from the State, but nobody save appellant could absolutely know what was in his mind at the time he so provided said car. Giving the language complained of in the argument the fair construction which the record seems to call for it was equivalent to saying, if not directly saying, to appellant in the presence of the jury "the record in this case shows the reason you furnished your car was to remove this witness from the State in order that he might avoid the service

of criminal process. If this conclusion is not true, what have you to say in regard to the matter in explanation of your conduct under the circumstances?" The method of argument employed in the present case is never commendable and always dangerous. Remarks of counsel should be directed to the jury and not to the accused. We regret the necessity of reversing cases for argument, but we have become convinced from a further consideration of the matter that the present instance furnishes a violation of the mandatory provision of Art. 710, C. C. P., which expressly provides that the failure of defendant to testify in his own behalf shall not be "alluded to or commented on by counsel in the cause." This court has had occasion many times to call attention to the effect of violations of this mandatory statute, notwithstanding which the Legislature has not seen fit to modify it in any particular, and this court has no option but to give it effect. For further support of the conclusion now reached see Sanders v. State, 123 Texas Crim. Rep., 409, 59 S. W. (2d) 1116.

Appellant also urges in his motion for rehearing a matter which was not briefed or argued upon original submission, and which was not considered at the time our original opinion was prepared. It is urged by appellant that the charge upon accomplice testimony is incomplete. The charge was as follows:

"You are instructed as a matter of law that R. J. (Whitey) Rutledge, Alfred A. Wilks, Woodrow Rutledge and T. A. Sharps are accomplice witnesses. You are further instructed that you cannot convict the defendant on their testimony or the testimony of either of them unless you first believe that such testimony is true and that it shows the defendant is guilty as charged in the indictment and even then you cannot convict the defendant upon such testimony unless you further believe that there is other testimony in the case corroborative of the accomplice testimony tending to connect the defendant with the offense committed, if any, and the corroboration is not sufficient if it merely shows the commission of the offense."

It is appellant's contention that the testimony of none of the accomplice witnesses made out a complete case against appellant and therefore the court should have added to the charge given the following "and unless you find and believe beyond a reasonable doubt from all the evidence that the defendant is guilty you should acquit him." We do not express ourselves upon the point as to whether the testimony of the accomplice witnesses, if true, makes out a complete case against appellant, but in view of another trial call attention

to the fact that this court has frequently suggested that where a complete case is not made out by the testimony of the accomplice witnesses it is proper to incorporate in the charge on accomplice testimony an instruction, the omission of which is complained of here. It is appellant's contention that the omission was specifically called to the court's attention by the exceptions to the charge of the court and by his special requested charge number six. We refer to the following authorities for the holdings of this court in regard to the matter. Spears v. State, 102 Texas Crim. Rep., 86, 277 S. W., 142; Anderson v. State, 95 Texas Crim. Rep., 346, 254 S. W., 986; Schleisinger v. State, 121 Texas Crim. Rep., 517, 50 S. W. (2d) 319; Lightfoot v. State, 80 S. W. (2d) 984.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*