**Audencio AGUILAR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 375–86.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 4, 1987.

Ken Hartfiel (Court-appointed on appeal),
Rosenberg, Ronald R. Pope (Court-appointed), Sugar Land, for appellant.

William A. Meitzen, Dist. Atty. and
Frank Follis and Donald W. Bankston,
Asst. Dist. Attys., Richmond, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of rape. Punishment was assessed by the jury at nine years in the Texas Department of Corrections. On direct appeal, the First Court of Appeals reversed the appellant's conviction and remanded the case to the trial court. The Court of Appeals said it was error for the State to inquire into the marital status of appellant's co-defendant. *Aguilar v. State*, unpublished (No. 01–81–00774–CR, Tex.App.—1st Dist.; June 14, 1984). This Court reversed that decision, holding that Aguilar did not properly preserve error in the trial court. This Court remanded that case to the Court of Appeals to consider the appellant's remaining grounds of error. *Aguilar v. State*, unpublished (No. 816–84; Tex.Cr.App.; October 9, 1984). On remand, the First Court of Appeals affirmed the conviction. *Aguilar v. State*, unpublished (No. 01–81–00774–CR, Tex.App.—1st Dist., February 13, 1986).

On the only ground for review this Court must decide if the Court of Appeals was correct in its finding that the trial court did not err when it exempted the complaining witness from the rule, and permitted her to remain in the court to hear the testimony of the other State's witness before testifying herself. Appellant raised one reason for review, that the Court of Appeals rendered a decision on an important question of state law in conflict with the applicable decisions of this Court. Tex.R.App.Proc. Rule 200(c)(3).

A review of the pertinent facts is necessary. After the jury was impaneled and sworn, and before the presentation of evidence, the appellant requested that the rule be invoked. Arts. 36.03 and 36.04, V.A.C. C.P. (now repealed), see Crim.Rule 613[1] and Art. 36.05, V.A.C.C.P.[2] The state's attorney requested that the complaining witness be excused from the rule. The trial court granted this request over the objection of the appellant. When the complaining witness took the stand, appellant renewed his objection to her being permitted to testify. Appellant complained that, after listening to the other witnesses, the complaining witness would be able to adjust her testimony to avoid discrepancies with them. Again, the state offered no reason, justification or excuse why the complaining witness should be exempt from the rule. The trial court made no references to why he was exempting the complaining witness from the rule. The trial court merely overruled the appellant's objection, and permitted the complaining witness to testify.

On cross-examination, the complaining witness stated that she had been in the courtroom throughout the trial and heard the testimony of all eight witnesses prior to taking the stand. After the state rested, appellant renewed his objection to the complaining witness being exempt from the rule in a motion for instructed verdict. The trial court overruled this motion.

On direct appeal, the appellant raised the ground of error that the trial court should not have excluded the complaining witness from the rule, and it was reversible error for the trial court to permit her to testify against the appellant. The Court of Appeals stated that the record did not establish that the trial court committed a requisite abuse of discretion, or that the appellant suffered any harm. *Aguilar* (on remand), unpublished, supra.

The Court of Appeals held that the complaining witness was one of the group of witnesses who could qualify as an exception to the rule. Specifically, she was in the category of witnesses who could be of service to state's counsel in advising them and conferring with them. The Court of Appeals concluded that the complaining witness was properly exempted from the rule, relying on *Ward v. State*, 70 Tex.Cr. R. 393, 159 S.W. 272 (Tex.Cr.App.1913) and *Goldman v. State*, 130 Tex.Cr.R. 471, 95 S.W.2d 423, 427 (Tex.Cr.App.1936). *Aguilar* (on remand), unpublished, supra.

■ This determination by the Court of Appeals is somewhat surprising in light of the following facts: State's counsel never offered the excuse that the complaining witness needed to be present to advise and confer with them during the trial; the trial court never entered in the record that it was exempting the complaining witness so that she could advise and confer with state's counsel. There is nothing in this record to show that the complaining witness ever gave any advice or conferred with the state's attorney during trial. We conclude that the Court of Appeals inappropriately applied this Court's decisions in *Ward* and *Goldman* to resolve this dispute in the instant case.

■ When a trial court must decide if an exemption from the rule is justified, it should first exclude all of the witnesses. Then the trial court should hear the parties' requests for exemptions from the rule for certain witnesses. It is within the trial court's discretion to decide if a requested exemption from the rule is justified. *Goldman v. State*, 130 Tex.Cr.R. 471, 95 S.W.2d

---

1. Rule 613. Exclusion of Witnesses

   At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause. (Effective Date: Sept. 1, 1986)

2. Art. 36.05. Not to Hear Testimony

   Witnesses under rule shall be attended by an officer, and all their reasonable wants provided for, unless the court, in its discretion, directs that they be allowed to go at large; but in no case where the witnesses are under rule shall they be allowed to hear any testimony in the case.

423 (Tex.Cr.App.1936). When this procedure is followed, an appellate court would not be authorized to criticize the trial court's action "unless the record before us should disclose that he had abused this discretion and acted arbitrarily." *Ward*, supra, 159 S.W. at 278.

In the instant case, the trial court did not follow this procedure. It merely exempted the complaining witness from the rule as soon as the state's counsel made the request. It should have carefully considered the critical importance of the testimony of the complaining witness. The only issue in dispute at trial was whether or not she consented to intercourse with the appellant and his co-defendant. They both said she gave her consent, while she swore that she did not consent. Her credibility before the jury would weigh heavily in their decision as to the guilt of the appellant. Counsel for appellant attempted to bring to the attention of the trial court the danger in allowing the complaining witness to listen to the other witnesses so she could testify without discrepancies appearing in her testimony before the jury.

"DEFENSE COUNSEL: May it please the Court, comes now the Defendants in this cause and moves the Court to strike this witness as a witness in this cause and for such motion, we would show the Court this witness, under order of the Court, has sat in the courtroom since the beginning of the presentation of the State's case in this cause and has listened and heard and observed the words of every witness and has heretofore testified and that her testimony would be tainted with this knowledge; that she would be able to fabricate a story, probably, that might overcome the discrepancies that she, herself has given to the various officers who have testified and that to permit her to testify at this time is a violation of the rights of these defendants, in that an improper witness is offered against them and we respectfully request this witness not be permitted to testify.

"STATE'S COUNSEL: Your Honor, if I might say, that it is within the total discretion of the Court in those matters and I might add to the Court that it has allowed one of their witnesses to go beyond what we call the rule and talk to other witnesses and I don't see that it has harmed the defendants in any way. It hasn't been shown that it will damage the defendants in any way and that matter is a matter that is in the total discretion of the Court.

"THE COURT: Anything further?

"DEFENSE COUNSEL: No, Your Honor.

"THE COURT: Motion overruled.

"DEFENSE COUNSEL: Note our exception to the Court's ruling."

This Court must decide if the trial court's actions constitute an abuse of discretion and reversible error. *Haas v. State*, 498 S.W.2d 206 (Tex.Cr.App.1973) set out two criteria for determining if an abuse of discretion has occurred:

"The ultimate test when a witness who has violated the rule has been allowed to testify is whether or not there has been injury to the defendant. Two relevant criteria are: (1) did the witness actually hear the testimony of the other witness, and (2) did the witness' testimony contradict the testimony of the witness that he allegedly heard." *Haas*, supra, at 210.

*Haas* involved a fact situation where a witness violated the rule by discussing his testimony with the prosecutor in the presence of another state's witness.

The recent case of *Archer v. State*, 703 S.W.2d 664 (Tex.Cr.App.1986) expanded the scope of the *Haas* criteria. In *Archer*, the rule was violated when two of the state's witnesses were placed under the rule, and removed from the courtroom. These two witnesses were found to have had a conversation about the case without the permission of the trial court. After reviewing the two criteria in *Haas*, this Court decided they were too restrictive:

"The first *Haas* criteria is too narrow to give full effect to Art. 36.03 and Art. 36.06.... The better question is, did the witness actually hear the testimony or confer with another witness without court permission.

The second criteria is likewise too restrictive. In the situation where two or more witnesses testifying for the same side in a criminal case have violated the rule, it makes no sense to say that their testimony must conflict in order to show harm. Of course in most cases the opposite will occur. When two State or defense witnesses confer outside the courtroom on a matter pertinent to their case their testimony is likely to coincide, not conflict."

We will apply these criteria to the instant case.

Here, the record shows that the complaining witness heard the testimony of the state's other eight witnesses before she testified. Therefore, the first criteria has been met.

Unlike *Archer*, the witness was exempted from the rule and permitted to watch and listen to the proceedings. The instant case does not involve a conference between witnesses who have been placed under the rule. However, the second criteria applies to this fact situation.

■ We find the complaining witness' testimony sufficiently coincided with the state's other witnesses to satisfy the second criteria, and to establish the appellant was harmed by this violation of the rule. While it is true, as the state points out in its brief to this Court, that the complaining witness' testimony does not precisely mirror the testimony of the other eight witnesses, this does not establish that the appellant was not harmed. A human being's mind is not a tape recorder. What is far more important is the absence of discrepancies and conflicts in the complaining witness' testimony. The second criteria of *Haas* and *Archer* has been met. We conclude that the exemption of the complaining witness by the trial court in the instant case was an arbitrary act, and an abuse of discretion.

We reverse the judgments of the Court of Appeals and the trial court. The cause is remanded to the trial court.

CLINTON, Judge, concurring.

Agreeing with the opinion of the Court, I write to caution the bench and bar that the Court is deciding the single issue presented in light of former articles 36.03 and 36.04, V.A.C.C.P.

There are certain statements in the opinion as to proper procedure to be followed when "the rule" has been invoked. They are taken from earlier decisions of the Court construing those articles. However, since the offense was committed and this case was tried well before September 1, 1986, Tex.R.Cr.Evid. Rule 613 (reproduced in note 1 of the opinion) is not at all implicated in this cause. Therefore, whether such statements apply to Rule 613 is an open question, left for determination another day in an appropriate cause.

With that understanding, I join the opinion of the Court.