Kenneth Samuel BARNHILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-88-458-CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 19, 1989.

Stephen Cihal, Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of theft, and the trial court assessed punishment at ten years in the Texas Department of Corrections and a fine of $2,000. The prison term was probated. We affirm the trial court's judgment.

■ In his first point of error appellant contends that the trial court erred in failing to grant a mistrial when a State's witness violated a motion in limine which prohibited the mentioning of extraneous offenses involving appellant. The witness, Robert Kelly, a service representative for an oil and gas service company, testified that he noticed a vehicle parked adjacent to a gas lease. A Barton flow-meter was later determined to have been stolen from the lease. When the prosecutor asked Kelly if he had "an occasion to jot down the license number of this vehicle," Kelly answered that he recognized the vehicle from a prior occasion when gas meters had been stolen from another company. Appellant objected to the testimony, and the trial court instructed the jury to disregard the witness' statement. The trial court then overruled appellant's motion for mistrial.

Generally, an instruction to disregard is sufficient to cure error when references are made to extraneous offenses. *White v. State,* 610 S.W.2d 504 (Tex.Crim.App.1981); *January v. State,* 678 S.W.2d 243, 247 (Tex.App.—Corpus Christi 1984, pet. ref'd). An instruction will also cure error when evidence of an extraneous offense is placed before the jury in violation of a motion in limine. *See Barney v. State,* 698 S.W.2d 114, 125 (Tex.Crim.App.1985). We find that the court's instruction to disregard the statement cured any error. Appellant's first point of error is overruled.

■ In his third point of error, appellant contends that the trial court erred in overruling his motion to suppress the Barton flow-meter which the police recovered from the trunk of appellant's automobile during a warrantless search. The State contends the search was proper either because appellant consented to the search or because the officers had probable cause coupled with exigent circumstances. The record shows that around 7:00 p.m., Michael Gregg, the City Marshall for Woodsboro, heard a dispatch from the sheriff's office in Goliad which referred to the theft of a Barton flow-meter and described a car which had been seen in the area. A license check on the vehicle showed it to be appellant's. Gregg located the car at the house of Jo Ann Green, a friend of appellant's. Around 10:00 p.m., Gregg and Deputy Wright went to Green's door without a warrant. Wright explained to appellant that his vehicle had been seen in Goliad County and that it was suspected in connection with the meter theft. Wright asked appellant if he could look in appellant's trunk. Appellant said, "Yeah. Let me go in the house and I'll get the keys." Appellant went back in the house but did not return. After some time had passed, the officers knocked on the door only to be informed by Green that appellant had gone out the back door about twenty minutes earlier. The officers obtained appellant's car keys from Green, searched the trunk, and seized the flow-meter.

Appellant turned himself in to the police the following evening and confessed to stealing the flow-meter. Appellant's written confession was read to the jury. Appellant did not challenge the admissibility of the confession at trial, except on mechanical points, and raises no challenge to the confession on appeal. The introduction of the flow-meter was not necessary to

appellant's conviction. The flow-meter was merely cumulative of evidence contained in appellant's confession. We, therefore, find that error, if any, in the admission of the actual flow-meter was harmless in light of appellant's confession and eyewitness testimony which placed appellant's car at the scene of the theft. *See Wilder v. State,* 583 S.W.2d 349, 359 (Tex.Crim.App.1979); *Hunnicut v. State,* 531 S.W.2d 618, 622 (Tex.Crim.App.1976); *Clemons v. State,* 505 S.W.2d 582, 584 (Tex.Crim.App.1974); *Finney v. State,* 672 S.W.2d 559, 568 (Tex. App.—Austin 1984, no pet.). Accordingly, we need not determine if appellant's oral statement, combined with his flight, authorized a consensual search or if the search was properly based on probable cause and exigent circumstances. Appellant's third point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in allowing a witness, Deputy Wally Williamson, to remain in the courtroom and testify after appellant invoked "the rule." The record shows that before any witnesses testified, appellant invoked "the rule." After the prosecutor asked his first question of the first witness, appellant pointed out that Williamson was apparently in the courtroom. The prosecutor responded, "Under the Rules, Judge, we are entitled to have a case worker." The trial court ruled that Williamson would be excused from the rule, and appellant objected. When the State called Williamson to testify, the trial court allowed Williamson to testify over appellant's objection.

Tex.R.Crim.Evid. 613 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a defendant which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

On appeal, the State relies solely on *Aguilar v. State,* 739 S.W.2d 357 (Tex. Crim.App.1987), which addressed the same issue under then-existing provisions of the Code of Criminal Procedure. Then-existing article 36.03 provided:

At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under the rule. However, if the defendant is a corporation or association it may designate one representative in addition to counsel to aid in the presentation of its case, which representative may not be placed under the rule. Acts 1965, 59th Leg., p. 317, ch. 722, § 1. Amended by Acts 1973, 63rd Leg., p. 971, ch. 399, § 2(A).

Then-existing article 36.04 provided:

The party requesting the witnesses to be placed under rule may designate such as he desires placed under rule, and those not designated will be exempt from the rule, or the party may have all of the witnesses in the case placed under rule. The enforcement of the rule is in the discretion of the court.

Acts 1965, 59th Leg., p. 317, ch. 722, § 1.

Under the former Code sections, a trial court abused its discretion in exempting a state's witness from "the rule" merely on the State's request. *Aguilar,* 739 S.W.2d at 359. Under the former sections, to properly exempt a witness from "the rule," the trial court had to hear the party's request for an exemption, hear the party's reason for an exemption, and then consider the importance of the testimony of the exempted witness. *See Aguilar,* 739 S.W.2d 358–359.

Under the current Rules of Criminal Evidence, as relevant here, the State was required to show that the witness it desired to exempt from the rule was essential to the presentation of its cause. Tex.R.Crim. Evid. 613. As in *Aguilar,* the State offered nothing to show that the witness qualified for an exception to "the rule."

■ The trial court abused its discretion in exempting Williamson from "the rule." Accordingly, resolution of appellant's point of error turns on whether the error was harmless. Two relevant criteria in assessing error are: (1) did the witness actually hear the testimony of the other witness(es), and (2) did the witness' testimony coincide with the testimony of the witness(es) that he heard. *Aguilar*, 739 S.W.2d at 359–360.

Since witness Wally Williamson was allowed to remain in the courtroom, and since Williamson was the last State's witness to testify, the first criteria has been met, and we proceed to the second. Williamson testified that the sheriff's department received a call from Robert Kelly and that he went to the Jannie Harkins lease. The gas flow-meter was gone. Kelly showed Williamson where the car had been parked. Williamson testified that he had been a gauger for five years. He explained how a gas flow-meter works. He also testified to the chain of custody of the seized gas flow-meter.

Williamson further testified that he was present when appellant's written confession was taken. He testified about reading appellant his rights and the procedures involved in taking a statement. Williamson then read appellant's confession into the record.

Williamson's testimony coincided with that of Robert Kelly with respect to the physical condition of the lease where the gas flow-meter was stolen and how the gas meter worked. Williamson's testimony concerning the chain of custody of the meter is consistent with the testimony of other witnesses. Apart from these instances, Williamson testified to matters not addressed by the other witnesses. Thus, we conclude that some minor portions of Williamson's testimony meet the second criteria of *Aguilar*.

■ Nonetheless, we do not believe the error constitutes reversible error. A third factor in assessing harm is the nature or importance of the witness' testimony. While this third factor is not explicitly identified in *Aguilar*, it was implicitly considered during the Court's assessment of the defendant's point. *Aguilar*, 739 S.W.2d at 359.

In *Aguilar*, the exempted witness was the complaining witness. At one point in the *Aguilar* opinion, the Court characterizes her testimony as being critically important. *Aguilar*, 739 S.W.2d at 359. Unlike the complaining witness' testimony in *Aguilar*, Williamson's testimony concerned no contested issues and explained routine police conduct. His testimony (concerning his investigation at the site and the mechanical aspects of a flow-meter) which duplicates other witnesses' testimony could be characterized as non-essential background which contains nothing to incriminate appellant. While the trial court abused its discretion in exempting Williamson from the rule without requiring the State to meet the criteria imposed by Rule 613, we find no reversible error because of the nature of the evidence which was improperly introduced through Williamson's testimony. Appellant was not harmed by the trial court's error. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.