IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-88-114-CR





JAMES OLIVER KELLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT



NO. 4760, HONORABLE CLAYTON E. EVANS, JUDGE 



 




 Appellant appeals his conviction for the murder of his wife, Helen W. Kelley. See
Tex. Penal Code Ann. § 19.02 (a)(1) (1989). After finding the appellant guilty, the jury assessed
his punishment at life imprisonment.

 Appellant advances three points of error. Initially, appellant contends that the trial
court erred in exempting Texas Ranger Ray Coffman from the "Rule" and allowing him to remain
in the courtroom during the "testimony of fact witnesses." See Tex. R. Crim. Evid. Ann. 613(3)
(Pamph. 1991). Secondly, appellant urges that the trial court erred in admitting into evidence oral
statements made by him to Larry Conner, a neighbor, which were the result of custodial
interrogation. Lastly, appellant argues that the trial court erred in admitting into evidence his
extra-judicial confession.

 The sufficiency of the evidence to sustain the conviction is not challenged. Both
the sheriff's dispatcher and the appellant testified that on June 20, 1987, he called the sheriff's
office to report that his wife had been shot and to ask for an ambulance. Department of Public
Safety Trooper Les Dawson was the first law enforcement officer to arrive at the scene. 
Appellant told Dawson "I shot my wife." Mrs. Kelley's body was found in the trailer house. She
had been shot. A deer rifle was found nearby. Larry Conner and his wife arrived shortly after
Trooper Dawson. Appellant told Conner, inter alia, that he and the deceased had an argument
and that he "blew her away." The next day the appellant gave a written extra-judicial confession
to Ranger Coffman at the sheriff's office. Testifying in his own behalf, appellant admitted he had
an argument with his wife, remembered the "roar of the gun" or the "blast," but he did not
remember shooting her. He acknowledged that the rifle was his, and that only he and his wife
were present at the time. A firearms expert testified that the rifle was a functioning ".3006 caliber
Winchester" which was capable of causing death or serious bodily injury. The medical examiner
testified that the one shot had been fired at close range; and that the rifle bullet entered the lower
portion of the face of the deceased, resulting in a four-inch exit hole in back of her neck.

 In his first point of error, appellant complains that the trial court erred in excluding
Texas Ranger Coffman from the witness sequestration rule. The appellant filed a pretrial motion
to invoke the "Rule" and to exclude all witnesses including Coffman, the "chief fact witness" for
the State. The motion alleged that Coffman's presence in the courtroom was not essential to the
presentation of the State's case, and that his testimony had already conflicted with that of another
officer at an earlier hearing.

 At an evidentiary hearing the prosecutor testified under oath that Ranger Coffman
had been involved in the preparation of the State's case since the date of the alleged offense; that
he was the lead investigator and had assisted her in the preparation of the case; that while Coffman
would be a witness, there would be approximately thirty items of evidence to be introduced and
the testimony of four expert witnesses to be offered; that she needed Coffman's expertise in
presenting this evidence as to ballistics, fingerprints "and how to handle bodies;" that Coffman's
help had been essential in trial preparation and it would be essential for him to be present with her
during trial.

 The prosecutor was not cross-examined nor was her testimony challenged in any
way. The parties then stipulated that, if called, Coffman's testimony would be essentially the
same as that of the prosecutor. Appellant then agreed that Coffman could remain in the courtroom
during the presentation of expert testimony or physical evidence. Appellant requested, however,
that Coffman be excluded when fact witnesses, who might offer a different version than Coffman,
testified. The trial court invoked the "Rule," exempted Coffman therefrom under Rule 613(3),
and denied appellant's specific request.

 Appellant calls our attention to six places in the record where he contends that
Ranger Coffman's testimony conflicts with that of Deputy Sheriff Leslie Don Stewart. Two of
these conflicts occurred at the pretrial evidentiary hearing to determine the voluntariness and
admissibility of appellant's written confession. These conflicts occurred before the "Rule" was
invoked at the trial on the merits and are not pertinent to the point of error as stated. The trial
record shows that Coffman's testimony did conflict with Stewart's earlier testimony for the State
as to whether Coffman wiped down the rifle with gauze in one or two places, and worked the bolt
action on the rifle and ejected the spent cartridge and three live rounds at the scene or later at his
Brady office, and whether Justice of the Peace Reeves arrived at the jail or sheriff's office prior
to the signing of the confession. Ranger Coffman was interrogated before the jury about the
conflicts. He was unable to explain why Stewart had so testified. Appellant contends that the
conflicts demonstrate the trial court abused its discretion.

 The "Rule" serves two purposes. Initially, it prevents witnesses from tailoring,
consciously or unconsciously, their testimony to fit that of other witnesses. Secondly, in the cases
of witnesses testifying for the same side, it enhances the jury's ability to detect falsehood by
exposing inconsistencies in their testimony. See generally Ex parte Robertson, 731 S.W.2d 564,
566 (Tex. Crim. App. 1987); Allen v. State, 536 S.W.2d 364, 367 (Tex. Crim. App. 1976);
Carlile v. State, 451 S.W.2d 511, 512 (Tex. Crim. App. 1970).

 The "Rule" is now found in Rule 613 of the Texas Rules of Criminal Evidence. 
See also Tex. Code Crim. Proc. Ann. arts. 36.05 & 36.06 (1981). Rule 613 (Exclusion of
Witnesses) provides:


 At the request of a party the court shall order witnesses excluded so they
cannot hear the testimony of other witnesses, and it may make the order on its own
motion. This rule does not authorize exclusion of (1) a party who is a natural
person, or (2) an officer or employee of a defendant which is not a natural person
designated as its representative by its attorney, or (3) a person whose presence is
shown by a party to be essential to the presentation of his cause, or (4) the victim,
unless the victim is to testify and the court determines that the victim's testimony
would be materially affected if the victim hears other testimony at the trial.



Tex. R. Crim. Evid. Ann. 613 (Pamph. 1991) (amended June 26, 1990, eff. September 1, 1990).

 Prior to the adoption of the Rules of Criminal Evidence the decision to invoke the
"Rule" was discretionary with the trial court. Brown v. State, 523 S.W.2d 238, 241 (Tex. Crim.
App. 1975); Corbett v. State, 493 S.W.2d 940, 948 (Tex. Crim. App. 1973), cert. denied, 414
U.S. 1131, 94 S.Ct. 871, 38 L.Ed. 2d 756 (1974). Trial courts are now required to exclude
witnesses under Rule 613 upon the request of either party unless one of the expressed exceptions
or exemptions apply.

 In the instant case, the prosecutor sought to exempt Coffman from the "Rule"
invoked by the appellant under the third exception of Rule 613. The third exception requires the
exercise of sound judicial discretion. Any person whose presence is essential to the presentation
of a party's case cannot be excluded. A party claiming the exemption bears the burden of
establishing that a witness's presence in court is in fact "essential."

 The statement, "[U]nder the Rules, Judge, we are entitled to have a case worker"
did not constitute a "showing" by the State that a witness was essential. Barnhill v. State, 779
S.W.2d 890, 892-93 (Tex. App. 1989, no pet.). Likewise, a prosecutor's conclusory statement
to the court that it would be "necessary and essential" for him to confer with a deputy sheriff-witness in the courtroom during the trial was not sufficient to sustain the State's burden. 
Hernandez v. State, 791 S.W.2d 301, 306 (Tex. App. 1990, pet. ref'd).

 In the instant case, the prosecutor, under oath, established the witness's connection
with the case as the lead investigator, his expertise in certain fields, the number of evidentiary
items to be offered and the expert witnesses to be called, and her need for the witness's assistance
during trial. While some of the prosecutor's statements were conclusory, the showing here was
a far cry from those in Barnhill and Hernandez. It was stipulated that the witness's testimony
would be essentially the same as that of the prosecutor. The appellant agreed that the witness
might be excused from the "Rule" during the presentation of expert witnesses and physical
evidence. We hold that, under the particular circumstances of this case, the trial court did not
abuse its discretion in exempting Ranger Coffman from the "Rule" under the third exception of
Rule 613.

 Even if it can be argued that the trial court abused its discretion in exempting
Ranger Coffman from the "Rule," the question then becomes whether the error is reversible. Tex.
R. App. P. Ann. 81(b)((2) (Pamph. 1991). Hernandez, 791 S.W.2d at 306; Barnhill; 779 S.W.2d
at 893; Hendley v. State, 783 S.W.2d 750, 752 (Tex. App. 1990, no pet.). We find any error
harmless for several reasons. Appellant agreed that Coffman could be excused from the "Rule"
when the testimony of expert witnesses was offered as well as during the presentation of physical
evidence. Deputy Stewart's testimony was necessary to establish the chain of custody and the
proper predicate for the introduction of the rifle, bullet, empty shell, live rounds, and other
physical evidence. Appellant thus waived any error now complained of in connection with the
presentation of physical evidence. Moreover, Coffman and Stewart were both State's witnesses. 
In the complained of instances, Coffman contradicted Stewart's earlier testimony which he had
heard, and the conflicts were clearly developed by interrogation in the presence of the jury and
mentioned in jury argument by the appellant. The evidence as to whether Coffman worked the
bolt action on the rifle and wiped the rifle down with gauze at the scene or at Coffman's office
in Brady contains nothing to incriminate appellant or impair any defense he might have had. If
the trial court abused its discretion without requiring the State to sufficiently meet the criteria
imposed by Rule 613(3), we find the appellant was not harmed by any such error of the trial
court. See Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1991). The first point of error is overruled.

 In his second point of error, appellant complains of the admission into evidence of
certain incriminating oral statements made by him to Larry Conner, and of the trial court's failure
to instruct the jury to disregard those statements if made as the result of custodial interrogation
or if made under such stress and shock as to render him incapable of knowing what he was doing. 
By combining more than one contention in a single point of error, an appellant risks rejection on
the ground that nothing is preserved for review. Sterling v. State, 800 S.W.2d 513, 521 (Tex.
Crim. App. 1990). The multifarious point of error here presents nothing for review. Adkins v.
State, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988). We shall, however, address the
contentions. East v. State, 702 S.W.2d 606, 613 (Tex. Crim. App. 1985).

 Larry Conner, a minister and part-time pharmacist, lived approximately three
hundred yards north of the appellant's residence. He was not acquainted with the appellant, but
knew him by sight. On the afternoon of June 20, 1987, Conner's wife, Robin, an EMS member,
received a call to be a first responder to a shooting at the Kelley trailer house. Conner went with
his wife and they arrived shortly after Trooper Dawson. He saw Dawson talking to the appellant,
but could not hear the conversation. When Dawson and Mrs. Conner started towards the trailer
house, Dawson asked Conner to stay with the appellant. They sat on a bench at a picnic table in
the yard. Conner knew only that his wife had received a call about a shooting and he had no
instructions from Dawson except to stay with the appellant. Conner explained that he was
concerned about appellant's health, and did not know if appellant was on medication for heart
trouble or high blood pressure or for some other ailment. He asked the appellant, "How do you
feel?" The appellant replied, "How do you think someone who just did what I did would feel?" 
Conner explained he was inquiring only about the appellant's health, and was assured by appellant
that he felt fine physically. Conner then recalled that appellant voluntarily commented "that he
blew her away and that he knew the State would fry him for it and that God, too, would fry him
for it." Appellant told Conner that he and his wife had argued over his separate property where
his mother lived and "that she (the deceased) wouldn't have to worry about that anymore." 
Conner described the appellant as being calm, well behaved, not violent or agitated. Conner
revealed that members of the family approached the picnic table and began questioning appellant. 
When Sheriff Williams and Constable Vogel came to the table, Conner left and went across the
road to join his wife. Conner explained that he did not know whether appellant was under arrest
at the time. After an evidentiary hearing outside the presence of the jury at which only Conner
testified, the trial court found that there was no custodial interrogation and that the oral statements
made to Conner were admissible. We agree.

 "Custodial interrogation" is questioning initiated by law enforcement officers after
a person has been taken into custody or otherwise deprived of his freedom in any significant way. 
Cannon v. State, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1110,
106 S.Ct. 897, 88 L.Ed. 2d 931 (1986). "Only in instances when a statement stems from
custodial interrogation must the State demonstrate that the defendant knowingly and intelligently
waived his privilege against self-incrimination." Melton v. State, 790 S.W.2d 322, 326 (Tex.
Crim. App. 1990). The requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16
L.Ed. 2d 694 (1966) and Tex. Code Crim. Proc. Ann. art. 38.22 (1979) apply only to statements
made as the result of custodial interrogation. Holland v. State, 770 S.W.2d 56 (Tex. App. 1989),
aff'd, 802 S.W.2d 696 (Tex. Crim. App. 1991). A non-custodial, voluntary, oral statement is
admissible at trial. Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (1979); Sewell v. State, 797
S.W.2d 376 (Tex. App. 1990, no pet.); see also Gauldin v. State, 683 S.W.2d 411, 413 (Tex.
Crim. App. 1984).

 The evidence does not show that appellant had been arrested, taken into custody,
or deprived of freedom in any significant way. Conner was only asked to stay with the appellant. 
He was not told that appellant was in custody nor that appellant was to be detained. Conner was
not requested to interrogate the appellant. He was not shown to be an agent of the police. His
only question was directed to appellant's health. Appellant's other statements were volunteered. 
Even if appellant was in custody, the statements made did not stem from custodial interrogation
and were admissible. See East v. State, 702 S.W.2d at 614, cert. denied, 474 U.S. 1000, 166
S.Ct. 418, 88 L.Ed. 2d 368 (1985); see also Chambliss v. State, 647 S.W.2d 257, 262 (Tex.
Crim. App. 1982). The trial court did not err in admitting appellant's oral statements made to
Conner. See Woodson v. State, 777 S.W.2d 525, 531 (Tex. App. 1989, pet. ref'd); Ortiz v.
State, 727 S.W.2d 37, 38 (Tex. App. 1987, pet. ref'd).

 In the same point of error, appellant complains that the trial court did not instruct
the jury to disregard the statements made to Conner if they were the result of custodial
interrogation, or if the appellant did not know what he was doing because of stress and shock. 
Appellant directs our attention to his special requested charges, but he does not point out the
particular evidence before the jury to support the submission of such issues. Further, he cites no
authorities nor does he advance any legal argument in support of his contention. The point is not
properly briefed and presents nothing for review. Tex. R. App. P. Ann. 74(f) (Pamph. 1991). 
The second point of error is overruled.

 In his third point of error, appellant contends that the trial court erred in admitting
his extra-judicial written confession, and erred in failing to instruct the jury to disregard the
confession if it found he was persuaded or influenced in giving the confession by being told he
was in "protective custody" or that his mental state was such that he was incapable of
understanding what he was doing. Here again the point of error is multifarious and preserves
nothing for review. Adkins, 764 S.W.2d at 785. We shall, however, address the contentions. 
East, 702 S.W.2d at 613.

 The trial court conducted an evidentiary hearing on appellant's motion to suppress
the written confession. See Tex. Code Crim. Proc. Ann. art. 38.22 (1979); Jackson v. Denno,
378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964). Ranger Coffman testified that on June
21, 1987, he took a written confession from the appellant in the Sheriff's office in San Saba; that
he first informed the appellant that he was charged with murder and gave him the Miranda and
statutory warnings concerning appellant's rights; that the appellant indicated that he understood
those rights and knowingly waived those rights including the right to counsel; and that appellant
signed the confession in the presence of witnesses. Deputy Stewart generally corroborated
Coffman's testimony as to the taking of the confession. Appellant called Sheriff Billy Williams,
Linda Humphries, a jailer, and County Judge Thomas Bowden. Appellant offered evidence to
show that appellant had first been taken into "protective custody" and had been so booked at the
jail; that no one knew when the word "murder" had been added to the booking slip; that Judge
Bowden had been at the scene of the homicide and had not been requested to act as a magistrate
in advising the appellant of his rights; and that Justice of the Peace Reeves had advised appellant
of his rights shortly after the confession was taken, although he may have arrived at the jail before
the confession was actually signed. The appellant did not testify.

 At the conclusion of the hearing, the trial court made findings that the appellant had
been duly warned of his rights, and had knowingly and intelligently waived his rights including
the right to counsel, and the confession was given freely and voluntarily and was admissible in
evidence. At a suppression hearing, the trial judge is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Cannon, 691 S.W.2d at 673; Green v.
State, 615 S.W.2d 700, 707 (Tex. Crim. App. 1981). The trial court may believe or disbelieve
all or any part of a witness's testimony. Meek v. State, 790 S.W.2d 618, 620 (Tex. Crim. App.
1990). Its findings should not be disturbed absent a clear abuse of discretion. Dancy v. State,
728 S.W.2d 772, 777 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 975, 108 S.Ct. 485, 98
L.Ed. 2d 484 (1987). The fact that a defendant is not taken before a magistrate before making
a confession does not render the confession inadmissible, where the defendant was warned of his
rights by the police officer taking the confession and there is no causal connection between the
failure to take the defendant before a magistrate and the giving of the confession. Ex parte
Stansbery, 702 S.W.2d 643, 647 (Tex. Crim. App. 1986); Maloy v. State, 582 S.W.2d 216, 219
(Tex. App. 1990, no pet.). From the totality of the circumstances, the trial court did not err in
finding the confession voluntary and admissible. McKittrick v. State, 541 S.W.2d 177, 184 (Tex.
Crim. App. 1976).

 At the trial on the merits, the State again offered evidence as to the taking of the
confession. When the instrument was offered, the appellant objected on the grounds previously
urged, and on the basis that he had not been taken before a magistrate prior to giving the written
statement. The objections were overruled. We find no error in the trial court's action in
admitting the confession into evidence at the trial on the merits.

 In another part of the same point of error, appellant urges that the trial court erred
in failing to instruct the jurors to disregard the written confession if they found appellant was
persuaded or influenced by being told that he was in "protective custody" or that his mental state
was such that he was incapable of understanding what he was doing. Appellant filed special
requested charges, but the record does not support the submission of these issues to the jury. 
Appellant has failed to point to any evidence in the record that he was persuaded or influenced
to give the confession because he had been told he was in "protective custody." As to the other
issue, appellant simply refers us to 119 pages of his testimony. He cites no authorities nor
advances any argument. This portion of the point of error was not briefed in accordance with
Tex. R. App. P. Ann. 74(f) (Pamph. 1991). Further, appellant does not point out how the court's
charge on the issue of the voluntariness and admissibility of the written confession failed to protect
his rights. The third point of error is overruled.

 The judgment is affirmed.


 John F. Onion, Jr., Justice


[Before Justices Powers, Jones and Onion*]

Affirmed

Filed: October 9, 1991

[Publish]












* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).