ASHFORD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-140-CR

EISHMEL LEE ASHFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On July 1, 2002, Arlington Police Department officers Pamela Gold and Carol McColgin responded to a call at an Arlington apartment complex.  After completing their response to the call, the two officers ran a routine license plate check on a car parked in the parking lot of the apartment complex.  After discovering that the license plate on the car was cancelled, the officers initiated a traffic stop.  Because Appellant Eishmel Lee Ashford appeared nervous and fidgety, the officers asked Appellant to step out of the vehicle.  At Officer Gold’s request, Appellant signed a consent to search the vehicle.  During the subsequent search, the officers discovered crack cocaine between the driver’s seat and the center console.  Appellant was arrested and placed in a police patrol car.

At trial, Officer McColgin testified that while Appellant was seated in the patrol car, he volunteered several incriminating admissions.  Appellant objected to any statements made after he was placed under arrest and took Officer McColgin on voir dire.  Outside the presence of the jury, Officer McColgin testified that following the arrest, Appellant stated between six and eight times that the vehicle he was driving belonged to him and that no one else drove it or had access to it.  This information, according to Officer McColgin, was not offered in response to any questioning by the officers.  The trial court overruled Appellant’s objection to any statements after arrest, ruled that Appellant’s statements were not the result of interrogation, and allowed the statements into evidence before the jury.  Appellant was convicted of possession of a controlled substance.  At the punishment hearing, Appellant pled true to the State’s habitual offender notice and the trial court sentenced him to thirty-five years’ imprisonment.

In Appellant’s first point, he contends that the trial court committed reversible error by failing to suppress Appellant’s custodial oral statements.  We review the denial of a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
 State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 ( Tex. Crim. App.1990).  Thus, the trial court may disbelieve any portion of a witness' testimony, even if the testimony is uncontroverted.  
Ross
, 32 S.W.3d at 855; 
Allridge v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991),
 cert. denied
, 510 U.S. 831 (1993). 

Statements by a defendant that are the result of custodial interrogation are not admissible unless certain requirements, including the giving of 
Miranda
 warnings, have been met.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.22, §§ 2-3 (Vernon Supp. 2004).  Custodial interrogation occurs when a person in custody is subjected to direct questioning or its functional equivalent, which occurs when police officers engage in conduct that they know is likely to elicit an incriminating response from the defendant.  
McCrory v. State
, 643 S.W.2d 725, 734 (Tex. Crim. App. 1982); 
Lam v. State
, 25 S.W.3d 233, 239 (Tex. App.—San Antonio 2000, no pet.); 
Kelley v. State
, 817 S.W.2d 168, 173 (Tex. App.—Austin 1991, pet. ref'd).  In this case, the State concedes that Appellant was in custody when Appellant made the statements in the patrol car.  The issue is whether the statement was a result of interrogation or its substantial equivalent.  Officer McColgin testified as follows: 

Q.  [State] Officer, once you had the Defendant under arrest in the back of your patrol vehicle, did he volunteer any information?

A.  Yes, he did. 

Q.  Now, when he volunteered this information, had you asked him any questions?

A.  No.

Q.  Was he responding to any question you or Officer Gold had asked?

A.  No.

Q.  What was the information that he volunteered?

A.  He stated that he did not understand what was going on; that that was his vehicle and nobody drove it but him.  He stated he had owned that vehicle for approximately two months and that nobody had access to that vehicle or had driven that vehicle in that time period but him.  And he stated that approximately six, seven times.  Eight, probably.

At trial and on appeal, Appellant argued that his statements were the result of custodial interrogation, but did not provide any evidence to support this assertion.  The trial judge, as sole judge of the credibility and the weight to be given the evidence, was free to believe Officer McColgin.  Accordingly, we hold that the trial court did not err in concluding Appellant’s statements were not the result of custodial interrogation. 
 See Lam
, 25 S.W.3d at 239; 
see also 
Tex. Code Crim. Proc. Ann
. art. 38.22, § 3(c) (holding exclusion of oral statements given before 
Miranda
 warnings administered does not apply to statements containing assertions of facts found to be true and that conduce to establish defendant's guilt); 
Wortham v. State
, 704 S.W.2d 586, 588 (Tex. App.—Austin 1986, no pet.) (holding defendant's statement was product of conversation in squad car in which officer asked defendant why he committed offense).  We overrule Appellant's first point.

In Appellant’s second point, he asserts that the habitual offender notice set out in the indictment was insufficient and therefore fundamentally defective.  The habitual offender notice set out in Appellant’s indictment in this case alleged two prior felony convictions in 1994 and 1989.  Appellant challenges the habitual offender notice of the 1989 conviction, which reads as follows:

. . . PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT IN THE COUNTS AND PARAGRAPHS ABOVE, THE SAID DEFENDANT . . . WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE IN THE 297TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0270319A ON THE 5TH DAY OF JULY, 1989. 

Appellant contends, for the first time on appeal, that the notice is insufficient because it failed to put him on notice as to the controlled substance in question.  Because Appellant failed to timely object to the indictment, he has waived any error as to defects in the indictment.  
See 
Tex. Code Crim. Proc. Ann. 
art. 1.14(b) (Vernon Supp. 2004).  We overrule Appellant’s second point.   Having overruled both of Appellant’s points on appeal, we affirm the trial court’s judgment.  

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 24, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.